**UNITED STATES of America, Plaintiff,**

v.

**George THEODOROVICH, a/k/a Jurij Theodorowytsch, Defendant.**

**Civ. A. No. 83–2361.**

United States District Court, District of Columbia.

Aug. 2, 1984.

Neal M. Sher, Director, and Bruce W. Solow, Dept. of Justice, and Jovi Tenev, Trial Attys., Criminal Division, U.S. Dept. of Justice, Washington, D.C., for plaintiff.

John Rogers Carroll of Carroll & Carroll, Philadelphia, Pa., and Ernest Raskauskas, Washington, D.C., for defendant.

CHARLES R. RICHEY, District Judge.

Before the Court are defendant's motion for relief from default judgment, memoranda in support thereof and opposition thereto, and the entire record herein. On January 30, 1984, this Court entered a default judgment against defendant on plaintiff's motion for sanctions, pursuant to Rule 37(b) and (d) of the Federal Rules of Civil Procedure. Plaintiff's motion was based on defendant's repeated failure to attend scheduled depositions and to comply with this Court's order of December 15, 1983, compelling him to appear and be deposed. Defendant's present motion is premised on his assertion that he was not notified of the depositions and that any misconduct was exclusively the fault of his former attorney. Defendant contends that he is therefore entitled to relief from default judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, defendant's motion is denied.

## BACKGROUND

On August 12, 1983, plaintiff filed a complaint seeking to revoke defendant's United States citizenship pursuant to Section 340(a) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1451(a), and to cancel the Certificate of Naturalization issued in accordance with the order of citizenship. Plaintiff's complaint alleged, *inter alia*, that between 1942 and 1944 defendant was a member of the Ukrainian Police, a native police force sponsored by Nazi Germany, and that during that time defendant committed crimes of moral turpitude, including murder, against Jewish civilians in Lvov, Ukraine. Plaintiff asserts that, based on the foregoing, defendant's entry into the United States and procurement of United States citizenship was illegally obtained by concealment of material facts and by willful misrepresentation. The United States submitted extensive documentation of facts tending to prove its allegations as well as the affidavit of the Deputy Director of Operations of the Office of Special Investigations, United States Department of Justice, showing good cause for the action as required by 8 U.S.C. § 1451(a).

## DEFENDANT'S OWN CONDUCT SIGNIFICANTLY CONTRIBUTED TO THE DEFAULT JUDGMENT

Throughout the history of this action, defendant has been less than diligent

in his defense. Mr. Theodorovich failed to appear for a scheduled deposition on December 1, 1983. Furthermore, he failed to comply with this Court's subsequent order compelling him to appear and be deposed on December 28, 1983. Defendant based his present motion for relief from default judgment on his assertion that his former attorney failed to notify him of the scheduled depositions; however, Mr. Theodorovich testified on July 27, 1984, at the hearing on this motion, that he was aware of two certified letters addressed him from the Department of Justice and deliberately failed to pick them up from the Post Office.[1] (Transcript at 24–26; 31–32; 47–48) These letters were the notices of the depositions which Mr. Theodorovich now claims he was not made aware of. Defendant cannot seek relief because his attorney failed to advise him of deposition dates when the record indicates that it was his own conduct which precipitated the lack of notice.

■ Defendant also testified that he had moved in August of 1983 without providing written notice of his change of address to his former attorney or to the United States Post Office, (Transcript at 18–20), effectively making himself unavailable at a time when his participation in these proceedings was imperative.[2] Defendant asserted at the hearing that his former attorney was aware of his whereabouts at all times. A liberal construction of Rule 60(b) is applied where the lapse is due to an attorney's failings to act on behalf of his client, but not where the client's own actions are at fault. *Greenspun v. Bogan,* 492 F.2d 375, 382 (1st Cir.1974).

Mr. Theodorovich's testimony at the July 27th hearing was replete with inconsistencies. Although the defendant has not completely mastered the English language, he fully understood what was being asked of him by the Court and counsel, and was capable of making himself understood to all. This Court finds the defendant not to have been a credible witness.

## DEFENDANT'S MOTION WAS UNTIMELY

Prior to the order of January 30, 1984, directing that a default judgment be entered against the defendant, Mr. Theodorovich obtained new counsel. His current attorney, however, has waited nearly four months to file a motion for relief from the default, despite the fact that a lawyer from the attorney's office was present at the sanctions hearing and was fully aware of this Court's order. Under the totality of the circumstances, this Court has determined that this motion was not filed "within a reasonable time," as required by Rule 60(b). Defendant's conduct throughout this case strongly suggests that the delays were tactical in nature in order to postpone as long as possible the denaturalization and deportation proceedings initiated against him. Furthermore, defendant has failed to reveal any new facts which would tend to show that his neglect was "excusable," also required before Rule 60(b)(1) relief may be granted. On the contrary, defendant's conduct implies deliberate inaction.

## DEFENDANT'S MOTION FAILS TO MEET THE STANDARD FOR VACATING A DEFAULT JUDGMENT

■ The Court of Appeals for this circuit has recognized three factors to be considered[3] when determining whether to set

**1.** Defendant testified that upon the advice of his former attorney, he did not accept any mail sent from the government.

**2.** Defendant testified that his niece moved into his former home and they remained in contact so that he was aware of mail and messages. (Transcript at 21–24; 31.)

**3.** Courts have also found that the existence of "exceptional circumstances" could compel a

court to set aside a default judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Werner v. Carbo,* 731 F.2d 204 (4th Cir.1984); *See also* 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 60.27 (2d ed. 1983). That provision of the rule gives a court substantial leeway to exercise its discretion to vacate a judgment in situations where "such action is appropriate to accomplish justice." *Klapprott v. United States,* 335 U.S. 601, 614–615, 69 S.Ct. 384, 390–391, 93 L.Ed. 266 (1949), *modified,* 336

aside a default judgment: (1) whether the default was willful, (2) whether a set aside would prejudice the opposing party, and (3) whether the alleged defense was meritorious. *Keegel v. Key West & Caribbean Trading Company, Inc.*, 627 F.2d 372, 373 (D.C.Cir.1980). Defendant consistently made himself unavailable for important discovery proceedings, thereby thwarting the efficient resolution of this case. It must be presumed that he intended the result of his actions. Moreover, defendant has failed to present any convincing evidence to the contrary.

The record of the sanctions hearing, January 27, 1984, indicates that plaintiff would not, at that time, have been prejudiced if the default judgment were set aside. The Assistant United States Attorney stipulated that the United States would be willing to vacate its motion for sanctions if it could be assured that Mr. Theodorovich would appear for deposition. (Transcript at 16.) Although this indicates no prejudice to the plaintiff, a significant period of time has since elapsed. Granting defendant's motion now would effectively visit the sins of a negligent defendant on a diligent plaintiff. Judicial economy and the interest in the finality of judgments are not best served by such an approach. Moreover, the issue of prejudice is but one factor to be considered in light of all others and is not itself dispositive. *Bibeau v. Northeast Airlines*, 429 F.2d 212, 214 (D.C.Cir.1970).

The issue of defendant's meritorious defenses is the most compelling reason for denying the motion for relief from default judgment. Defendant's original answer fails to detail any meritorious defense. This Court is cognizant of the fact that approximately 40 years have passed since the events in question took place and that an effective defense would take some time to develop; however, defendant's present motion fails to assert any new facts consti-

tuting a "meritorious defense." The memoranda submitted in support of the motion are devoid of any matter relating to any defense on the merits of this case. Under these circumstances, defendant's delay in making this motion is even less justifiable and not within the "reasonable time" limit imposed by Rule 60(b).

## CONCLUSION

Defendant is not entitled to relief from default judgment under Rule 60(b) of the Federal Rules of Civil Procedure. The record indicates that it was defendant's own neglect which precipitated the order directing that a default judgment be entered against him. He cannot place the blame exclusively with his former attorney for failure to notify when it appears from the record that defendant had purposely avoided notification and made himself unavailable to his attorney. Defendant's inattention to the charges brought against him cannot be deemed "excusable neglect." The four-month delay in filing this motion was not "within a reasonable time" under the facts of this case. Finally, defendant's motion fails to meet the standard applied in this circuit for determining whether to aside a default judgment. An order consistent with this opinion will issue of even date herewith.

## APPENDIX

## ORDER

Upon consideration of plaintiff's Motion pursuant to Rule 37(b) and (d) of the Federal Rules of Civil Procedure for Imposition of Sanctions against defendant for Defendant's failure to respond to two Notices duly served upon Counsel for defendant to be deposed and for failure to comply with the Court's subsequent Order to Appear and Be Deposed on December 28, 1983, and upon consideration of the entire record

---

U.S. 942, 69 S.Ct. 384, 93 L.Ed. 266 (1949) (motion to vacate default granted because at the time that judgment was entered, movant was ill, penniless and in jail, thus unable to appear and present his defense). Defendant has failed to assert any facts which might bring him within

the parameters of that provision. This court has found that it was defendant's own neglect which precipitated the entry of default judgment against him. There has been no assertion by the defendant that his neglect was the result of some "exceptional circumstances."

herein, it is, by the Court, this 30th day of January, 1984,

ORDERED, that Plaintiff's Motion is in all respects granted, and it is

FURTHER ORDERED, that the following designated facts identified by Plaintiff in the instant motion be taken as established:

1. The affidavit of Charles Gittens, Deputy Director (Operations), Office of Special Investigations, United States Department of Justice, which affidavit was appended to the complaint in this action as Exhibit A, shows good cause for this action as required by 8 U.S.C. § 1451(a);

2. On or about May 27, 1942, in Lvov, Ukraine, defendant became a police candidate in the Ukrainian Police, an indigenous police force sponsored by Nazi Germany;

3. In or about August 1942, while serving with the Nazi-sponsored Ukrainian Police, defendant committed crimes of moral turpitude in that:

a. he engaged directly in the roundup of unarmed Jewish civilians residing in Lvov, Ukraine who were thereupon transported to forced labor camps, execution sites, death camps and concentration camps;

b. he personally shot and killed unarmed Jewish civilians in Lvov, Ukraine;

c. he committed acts of persecution in that he confiscated personal property of Jewish civilians in Lvov, Ukraine;

4. Defendant willfully misrepresented and concealed material facts in his Form N-400 as (his application form for Naturalization as an American Citizen) follows:

a. Defendant stated that he had not been a member of any organizations, clubs or societies in the United States or in any other country during the years prior to the ten year period preceding his application when in fact he had been a member of the Nazi sponsored Ukrainian police in Lvov, Ukraine in 1942;

b. Defendant swore that he had never committed a crime involving moral turpitude when in fact he had participated in the persecution and murder of unarmed Jewish civilians in Lvov, Ukraine in 1942;

c. Defendant stated that he had lawfully entered the United States on March 23, 1948, when in fact he had entered the United States unlawfully since he was excludable and inadmissible because he had participated in acts contrary to civilization and human decency on behalf of the Axis countries during World War II;

5. Defendant's participation in the persecution and murder of unarmed Jewish civilians rendered him inadmissible to the United States as one who had been guilty of, or who had advocated or acquiesced in, activities or conduct contrary to civilization and human decency on behalf of Axis countries during World War II;

6. Because defendant was inadmissible to the United States, his entry into the United States was unlawful;

7. Because defendant had not gained lawful admittance into the United States, his subsequent naturalization was unlawful under Section 316(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1427(a)(1);

8. Defendant is not and has not been a person of good moral character because of his substantial and extended participation in the Nazi program of murder and persecution;

9. Because defendant was not a person of good moral character, he was ineligible for naturalization under Section 316(a)(3) of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1427(a)(3);

10. Defendant is not and has not been a person of good moral character because he gave false testimony for the purpose of obtaining benefits under the Immigration and Nationality Act;

11. Because defendant was not a person of good moral character, as defined in Section 101(f)(6) of the Immigration and Nationality Act, 8 U.S.C. § 1101(f)(6), he

was ineligible for naturalization under Section 316(a)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1427(a)(3); and it is

FURTHER ORDERED that the defendant be barred from introducing evidence to support his claims or defenses, and it is

FURTHER ORDERED that judgment by default in favor of the plaintiff and against the defendant be and the same is hereby granted.

Dated this 30th day of January, 1984.