# UNITED STATES of America,

v.

## Jonas KLIMAVICIUS.

### Civ. No. 84–0183 P.

United States District Court,
D. Maine.

July 30, 1985.

Ronnie L. Edelman, Trial Atty., Alan Held, Trial Atty., U.S. Dept. of Justice, Washington, D.C., F. Mark Terison, Asst. U.S. Atty., Portland, Me., for plaintiff.

Ivars Berzins, Babylon, N.Y., Daniel Bates, Daniel G. Lilley, Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

In this action Plaintiff seeks the denaturalization of Defendant on the grounds that he illegally procured his visa and naturalization by obscuring or misrepresenting certain alleged facts about his background, specifically, that he had been a member of the Lithuanian Schutzmannschaft and had assisted in the Nazi persecution of Jews and other civilians. The case is now before the Court on Plaintiff's Motion to Strike Defendant's Demand for a Jury Trial.

In 1913 the United States Supreme Court determined that a denaturalization proceeding brought on the grounds that citizenship had been fraudulently and illegally procured was not a suit at common law because the right asserted and the remedy sought were "essentially equitable." Therefore, there was no right to a jury trial. *Luria v. United States*, 231 U.S. 9, 27, 34 S.Ct. 10, 15, 58 L.Ed. 101 (1913). In 1946 the Supreme Court again characterized a denaturalization proceeding brought on the grounds of fraud in the procurement of citizenship as a suit in equity. *Knauer v. United States*, 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500 (1946).

Defendant argues strenuously that *Luria* no longer has any validity. Since denaturalization proceedings continue to be considered equitable in nature,[1] this Court sees no reason to reexamine *Luria's* holding that there exists no right to a jury trial in denaturalization proceedings. *See United States v. Walus*, 616 F.2d 283, 304, n. 53 (7th Cir.1980).

Defendant also contends that various constitutional provisions require that he be afforded a jury trial in this proceeding. He has not, however, cited the Court to a single case of this nature which has been tried to a jury. The Court has carefully considered all of Defendant's arguments and will address the major points raised in his memorandum.

In making his claims that the Fifth and Sixth Amendments require a jury trial, Defendant contends that denaturalization is penal in nature because it deprives an individual of the most fundamental of all rights, his citizenship. He points to *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 165, 83 S.Ct. 554, 565, 9 L.Ed.2d 644 (1963), in which the Court held two statutes invalid "because in them Congress has plainly employed the sanction of deprivation of nationality as a punishment—for the offense of leaving or remaining outside the country to evade military service—without affording the procedural safeguards guaranteed by the Fifth and Sixth Amendments." It is very clear that although the outcome may be the same, a denaturalization proceeding differs significantly from the forfeiture of citizenship found unconstitutional in *Mendoza-Martinez*. While recognizing the seriousness of a deprivation of citizenship, the denaturalization cases

> have also recognized that there must be strict compliance with all the congressionally imposed prerequisites to the acquisition of citizenship. Failure to comply with any of these conditions renders

---

1. In *Fedorenko v. United States*, 449 U.S. 490, 101 S.Ct. 737, 66 L.Ed.2d 686 (1981), the Supreme Court again acknowledged this characterization in *Luria* and *Kramer* although it determined that district courts have no equitable discretion in cases in which the court has determined that a naturalized citizen obtained his citizenship illegally or by willful misrepresentation.

the certificate of citizenship "'illegally procured,' and naturalization that is unlawfully procured can be set aside." ... This judicial insistence on strict compliance with the statutory conditions precedent to naturalization is simply an acknowledgment of the fact that Congress alone has the statutory authority to prescribe rules for naturalization, and the courts' task is to assure compliance with the particular prerequisites to the acquisition of United States citizenship.

*Fedorenko v. United States*, 449 U.S. at 506, 101 S.Ct. at 747. Setting aside naturalization for failure to comply with the particular prerequisites to the acquisition of citizenship is not a punishment; it merely represents an undoing of that which should not have been done in the first place. Since the denaturalization is not penal, no jury trial is required under the Sixth Amendment.

Defendant also argues that due process requires a jury trial. It is clear that the courts have thoroughly considered the severe and unsettling consequences occasioned by loss of the precious right to citizenship. As the Supreme Court has stated:

> For these reasons, we have held that the Government "carries a heavy burden of proof in a proceeding to divest a naturalized citizen of his citizenship." ... The evidence justifying revocation of citizenship must be "'clear, unequivocal, and convincing'" and not leave "'the issue in doubt.'" ... Any less exacting standard would be inconsistent with the importance of the right that is at stake in a denaturalization proceeding. And in reviewing denaturalization cases, we have carefully examined the record ourselves....

*Fedorenko v. United States*, 449 U.S. at 505–06, 101 S.Ct. at 746–47 (citations omitted). Despite the attention the courts have paid to procedural detail in protecting the "precious" right of citizenship, no court has yet decided that due process requires trial by jury. This Court also finds that the procedural safeguards already established are sufficient to afford adequate protection to the rights of defendants in denaturalization proceedings.

Accordingly, it is ORDERED that Plaintiff's Motion to Strike Defendant's Demand for a Jury Trial is GRANTED. Defendant's Demand for a Jury Trial is hereby STRICKEN.

So ORDERED.