**UNITED STATES of America, Plaintiff,**

**v.**

**Jonas KLIMAVICIUS, Defendant.**

**Civ. No. 84–0183–P.**

United States District Court,
D. Maine.

May 8, 1987.

F. Mark Terison, Asst. U.S. Atty., Portland, Me., Ronnie L. Edelman, Alan Held, U.S. Dept. of Justice, Crim. Div., Washington, D.C., for plaintiff.

Ivars Berzins, Babylon, N.Y., Daniel Bates, Daniel G. Lilley, Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS

GENE CARTER, District Judge.

This matter is before the Court on the Plaintiff's motion for imposition of sanctions upon the Defendant, filed on April 22, 1987. The motion seeks invocation of the Court's authority to impose sanctions for failure to comply with prior discovery orders of the Court under Fed.R.Civ.P. 37(b)(2). Plaintiff requests an order prohibiting the Defendant from testifying at trial and from introducing into evidence certain documents that he has refused to produce at scheduled depositions. Plaintiff also asks the Court to find the Defendant in contempt for his failure to obey the Court's October 30, 1985 order that he testify at his deposition, and to require the Defendant or his attorney, or both, to pay reasonable expenses, including attorneys' fees, caused to be incurred by reason of the Defendant's failure to comply with the October 30, 1985 order.

The record in this matter shows that Plaintiff first noticed the Defendant's deposition for August 17, 1984. The Defendant failed to appear for that deposition. The Defendant asserted certain objections to the Government's document production request in connection with the deposition but made no formal objection to the deposition itself. Ultimately, the Plaintiff filed a motion to compel the Defendant's deposition. After a hearing before the Magistrate, who narrowed in part the scope of the Government's document request, the Government again noticed the deposition of the Defendant on January 4, 1985 and included a request for the production of documents as permitted by the Magistrate's order, filed on October 1, 1984.

Defendant appeared at the deposition and stated his name and current address but refused to answer any further questions, claiming his privilege against self-incrimination and refused to produce any of the documents requested by the Plaintiff's production request. He acknowledged that he possessed certain documents within the scope of the request. In March of 1985, Plaintiff served a motion to compel discovery in which it challenged Defendant's claim of fifth amendment privilege. This matter was fully resisted by the Defendant, was briefed by the parties, and was decided by the Court's Memorandum of Decision and Order Granting the Government's Motion to Compel Discovery and Denying the Government's Motion for Sanctions, filed on October 30, 1985. *United States v. Klimavicius*, 671 F.Supp. 814 (D.Me.1985).[1] On November 13, 1985, Defendant filed an extended motion for reargument and reconsideration of that decision; that motion was denied by the Court's order of December 17, 1985. Thereafter, the Government again noticed the deposition of the Defendant for February 13, 1986, precipitating a motion by the Defendant for a protective order or for leave to take an interlocutory appeal, filed on February 7, 1986. That motion was denied by the Court's order of February 13, 1986.

---

1. On the Court's first consideration of the positions of the parties on the Plaintiff's Motion to Compel, the Court found that the Defendant was required to produce requested handwriting exemplars and specimens as they were not protected by the privilege against self-incrimination. *United States v. Klimavicius*, No. 84–0183–P, slip op. at 1 (D.Me. July 30, 1985), infra at 57, Exhibit A. The Court went on therein to observe that it could not "adequately assess Defendant's remaining claims of privilege" on the record then made by the Defendant. *Id.* The Court then ordered Defendant to supplement the record in specified particulars to afford the Court a more complete record for the adjudication of the Defendant's claim of privilege. Thereafter, the Court entered its Memorandum of Decision and Order of October 30, 1985, granting Plaintiff's Motion to Compel. *United States v. Klimavicius*, 671 F.Supp. 814 (D.Me. 1985).

Ultimately, the second deposition of the Defendant was held on February 13, 1986, where the Defendant once again stated his name and address but refused to answer all other questions, basing his refusal on the invocation of his fifth amendment privilege against self-incrimination. He likewise refused, on the basis of that privilege, to produce the documents specified in the Plaintiff's production request. Thereafter, the Defendant continued to assert his fifth amendment privilege in refusing to respond to interrogatories and document production requests served by the Plaintiff in May of 1986.

Defendant replies through counsel to Plaintiff's current motion for sanctions, by memorandum filed on April 30, 1987, that "[i]t is respectfully submitted that Defendant has not shown a willful disregard of this Court's orders, but rather a good faith belief that the privilege should be available to him, same as it has been ruled available to others similarly situated." This contention is specifically based upon the fact that the Court, in its October 30, 1985 order denying the Plaintiff's initial request for sanctions, stated that it was "not convinced that Defendant has acted vexatiously or or in bad faith and, therefore, it would not be appropriate to grant the Government's request for reimbursement in this matter." *Klimavicius*, 671 F.Supp. at 819. There has, however, been a great deal of water under the bridge, so to speak, since that order was filed. In its October 30, 1985 order, the Court rejected Defendant's claims that his testimony would result in self-incrimination and expose him to foreign prosecution: "The Court finds, therefore, that there is no threat of foreign prosecution of Defendant which is real and substantial enough to justify his invocation of the Fifth Amendment privilege against self-incrimination." *Klimavicius*, 671 F.Supp. at 818. The Court also rejected the Defendant's assertion of privilege on the basis of a danger of self-incrimination in a United States prosecution for failure to properly support his contentions in that regard. Once the Court's order issued, the Defendant's conduct in continuing to assert the privilege was neither proper nor in good faith, being in direct contradiction to this Court's adjudication that he was not entitled to a claim of privilege and in flagrant violation of the Court's order of October 30, 1985.

■ The Defendant cannot continue to insist on asserting his fifth amendment privilege as a basis for his refusal to comply with legitimate and timely discovery requests of the Plaintiff in the very face of this Court's order of October 30, 1985 finding that such assertion of the privilege in the context of discovery in this matter is not justified. This may, indeed, be conduct contemptuous of the Court's order

■ Defense counsel asserts in the Defendant's memorandum in opposition to the motion for sanctions that, although the Defendant continued to invoke his privilege against self-incrimination as to testimony and document production, he was nevertheless in compliance with this Court's order of October 30, 1985 because he produced handwriting and signature exemplars requested by the Plaintiff.[2] Such a claim is, once again, specious in that it is clear that the Court's October 30, 1985 order required him to respond by answering all the Plaintiff's discovery requests, including deposition inquiries.

■ Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party

---

**2.** These exemplars were provided pursuant to the Court's determination, made in its unpublished Order of July 30, 1985, that they were not within the protection of the fifth amendment. Defendant assigns no reason why he should be permitted to elect to comply with that determination of the Court but continue to assert the claim of privilege as to document production requests, interrogatories, and deposition inquiries in disregard of the plain terms of the Court's Memorandum of Decision and Order of October 30, 1985.

fails to obey an order to provide or permit discovery, "the court in which the action is pending may make such orders in regard to the failure as are just," Fed.R.Civ.P. 37(b)(2), and specifies a wide range of sanctions that may be imposed by the Court for such conduct. It is clear to the Court that there is no longer any justification for this Defendant to continue to refuse to respond to discovery requests and that sanctions may appropriately be imposed. In view of the fact that the Defendant's refusal to answer questions at his deposition or to produce documents is clearly willful and for the purpose of defeating the Plaintiff's legitimate discovery inquiries in this matter, severe sanctions may, indeed, be appropriate.

However, because of the seriousness of this matter to the Defendant, the Court is going to afford him one last opportunity to comply with the lawful discovery orders of this Court and provide a full and complete response to discovery requests made by the Plaintiff in this proceeding.

Accordingly, it is hereby ORDERED that:

(1) Plaintiff's counsel shall schedule the deposition of the Defendant, Jonas Klimavicius, to occur on or before June 1, 1987;

(2) Defendant, Jonas Klimavicius, shall appear at the time and place set by proper notice for such deposition and shall forthwith submit to deposition, answering all questions asked of him without asserting any claim of privilege against self-incrimination, and shall likewise, at the time and place of said deposition, provide to Plaintiff's counsel all documents in his possession, custody, or control, or that of his attorney, production of which is requested by the outstanding document production requests of the Plaintiff; and

(3) Counsel for the parties shall forthwith notify the Court in the event that the Defendant shall fail in any respect to comply with the requirements of this order and provide to the Court a transcript of said deposition.

The Court hereby notifies Defendant and counsel that for failure to fully comply with this order, the Court will move promptly to impose appropriate sanctions which may include the Court *sua sponte* "rendering a judgment by default against the disobedient party." Fed.R.Civ.P. 37(b)(2)(C).

EXHIBIT "A"

July 30, 1985

ORDER

This case is before the Court on Plaintiff's motion to compel Defendant to respond to deposition inquiries and to produce documents and handwriting and signature exemplars. Defendant has refused to produce the requested responses, claiming the Fifth Amendment privilege against self-incrimination. The Supreme Court has made clear that no such privilege exists for handwriting exemplars because they are identifying physical characteristics outside the protection of the Fifth Amendment. *Gilbert v. California*, 388 U.S. 263, 266 [87 S.Ct. 1951, 1953, 18 L.Ed.2d 1178] (1967); *United States v. Dionisio*, 410 U.S. 1, 5 [93 S.Ct. 764, 767, 35 L.Ed.2d 67] (1973); *United States v. Mara*, 410 U.S. 19, 22 [93 S.Ct. 774, 776, 35 L.Ed.2d 99] (1973). Defendant must therefore produce the requested writing specimens.

On the record before it, the Court cannot adequately assess Defendant's remaining claims of privilege. Defendant has not specifically identified any foreign statutes under which he fears prosecution, *see In re Quinn*, 825 [525] F.2d 222 (1st Cir.1975), and he has not presented the other documents on which he relies. He has merely made vague assertions about the substantive law in Israel, West Germany, and the

**58**

U.S.S.R. and applicable procedural provisions. In order for the Court to begin to determine whether Defendant's fear of prosecution under foreign law is real and substantial enough to support invocation of the privilege, *see Zicarelli v. Investigation Commission*, 406 U.S. 472 [92 S.Ct. 1670, 32 L.Ed.2d 234] (1972), Defendant must make some showing that there exist laws in foreign countries which would apply to *him* if the allegations in the Complaint were proved.

Similarly, the Court cannot assess the Defendant's claim of Fifth Amendment privilege based upon his fears of perjury charges stemming from a July 1983 statement which he provided to an attorney for the Justice Department. Defendant has not placed into the record the statement, apparently in the possession of both parties, which forms the basis for his fear of prosecution. The Fifth Amendment privilege is not a blanket privilege, although Defendant has attempted to assert it as such, and the actual questions which Defendant was asked must be examined in light of the subject matter of the statement.

Since the privilege against self-incrimination plays such an important role in the American scheme of justice, the Court will allow Defendant another opportunity to present a record so the Court may assess his claim of the privilege. Accordingly, it is *ORDERED* that by September 3, 1985, Defendant submit certified copies of the text of all foreign laws which indicate that he might be subject to prosecution. Translation of the laws must be provided, and Defendant may submit any materials which might be helpful in construing the laws submitted. By the same date Defendant is also *ORDERED* to submit to the Court the 1983 statement which he asserts as the basis for his fear of domestic prosecution. Plaintiff shall submit any response to the materials submitted by Defendant by September 24, 1985.

So ORDERED.