**UNITED STATES of America**

v.

**Jonas KLIMAVICIUS.**

**Civ. No. 84–0183 P.**

United States District Court, D. Maine.

Sept. 21, 1987.

F. Mark Terison, Asst. U.S. Atty., Portland, Me., Alan Held, Ronnie L. Edelman, Trial Attys., U.S. Dept. of Justice, Office of Special Investigations, Washington, D.C., for U.S.

Ivars Berzins, Babylon, N.Y., for defendant.

MEMORANDUM OF DECISION AND ORDER GRANTING GOVERNMENT'S MOTION FOR SANCTIONS PURSUANT TO FED.R.CIV.P. 37(b)(2)

GENE CARTER, District Judge.

This matter involves an action by the United States to revoke the naturalized citizenship of defendant Jonas Klimavicius. In its six-count Complaint, the Government alleges that Defendant illegally obtained his entry into, and citizenship in, the United States by concealing the fact that he had aided the Nazis in persecuting civilians during World War II.

Presently before the Court is Plaintiff's Renewed Motion for Sanctions under Rule 37(b)(2) of the Federal Rules of Civil Procedure, filed on June 26, 1987. The Government moves this Court to enter a default judgment against Defendant, pursuant to its authority to impose sanctions for failure to comply with prior discovery orders of the Court under Rule 37(b)(2). In the alter-

native, the Government requests the Court to prohibit Defendant from opposing the Government's claims and supporting any defense, pursuant to Rule 37(b)(2)(B); to take as established facts those designated in the Government's supporting memorandum, pursuant to Rule 37(b)(2)(A); and to render judgment for the Government on Counts 1, 3, and 6 of the Complaint based on these facts. Additionally, the Government seeks costs and attorneys fees, pursuant to Rule 37(b)(2).

For the reasons set forth herein, the Court will grant the Government's motion for sanctions and enter a judgment of default against Defendant. The Court will also award the Government reasonable expenses incurred since May 8, 1987, the date on which this Court issued its final Order compelling discovery.

## BACKGROUND

The United States filed its original complaint on May 30, 1984. Defendant, after receiving due notice, failed to appear at his first deposition on August 17, 1984. After the scope of the Government's document request was narrowed pursuant to the order of the Magistrate, the Government again noticed Defendant's deposition on January 4, 1985, and included an appropriately drawn document request. Defendant appeared and stated his name and address, but produced no documents and claimed the fifth amendment privilege in answer to all other questions.

The Government then filed its first motion for sanctions, in conjunction with a Motion to Compel Discovery, on March 29, 1985. After initial submission of supporting memoranda and affidavits in which Defendant failed to submit any evidence sufficient to support his invocation of the fifth amendment privilege, the Court issued an order requesting specific additional documentation and information supporting Defendant's position. *United States v. Klimavicius*, 613 F.Supp. 1222 (D.Me.1985) (Order). In allowing this additional opportunity to submit a record, the Court gave great weight to the importance of the fifth amendment privilege in the American

scheme of justice. *Id.* The Court subsequently issued an Order granting the Government's Motion to Compel Discovery, finding that Defendant had failed to meet his burden of showing a threat of foreign prosecution sufficiently "real and substantial" to justify his invocation of the fifth amendment privilege. *United States v. Klimavicius*, 620 F.Supp. 667 (D.Me.1985) Defendant's extended motion for reargument and reconsideration of that decision was denied by the Court's order of December 17, 1985.

The Government next noticed the Defendant's deposition for February 13, 1986. The Defendant moved the Court for a protective order or for leave to take an interlocutory appeal, which was denied by the Court's order of February 13, 1986. The Defendant then appeared at the deposition, stated his name and address, and again refused to answer all other questions on the grounds that it might tend to incriminate him. Based on this same claim of fifth amendment privilege, the Defendant again refused to comply with the Government's production request.

The Defendant continued to assert his fifth amendment privilege in response to interrogatories and production requests served by the Government in May of 1986, in response to a second set served in April of 1987, and in response to requests for admissions in April, 1987.

On April 22, 1987, the Government moved again for sanctions, this time under Rule 37(b)(2) of the Federal Rules of Civil Procedure, seeking to bar Defendant from testifying and introducing evidence at trial as to those matters on which he refused to provide discovery. The Government relied on this Court's order of October 30, 1985, that denied any basis for Defendant's claim of privilege and ordered discovery. The Court entered its Memorandum of Decision and Order on Plaintiff's Motion for Sanctions on May 8, 1987, declining to impose sanctions due to the seriousness of the matter to the Defendant, but stating that more than adequate grounds existed at that time to impose sanctions for Defendant's refusal to obey the Court's discovery

orders. *United States v. Klimavicius,* 116 F.R.D. 54 (D.Me.1987). The Court afforded Defendant "one last opportunity" to comply with the lawful discovery orders of the Court, warning that failure to comply would result in the imposition of sanctions that could include the rendering of a default judgment. *Id.,* at 57. The Court ordered the scheduling of a deposition for June 21, 1987, and further ordered the Defendant to appear, answer all questions without asserting the claim of privilege, and provide all documents requested by the Government in its outstanding document production requests.

On June 1, 1987, Defendant appeared at his deposition and, despite the Court's previous leniency and clear warnings, again asserted his claim to a fifth amendment privilege and refused to answer any questions other than those requiring name and address. He further refused to produce any of the requested documents. Accordingly, the Government filed its Renewed Motion for Sanctions on June 26, 1987. For the reasons set forth herein, the Court will grant the Government's motion and enter a judgment by default against Defendant, pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure.

## DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure clearly authorizes the imposition of sanctions when a party fails to obey a court order to comply with or permit discovery. The rendering of a default judgment against the non-complying party is among those sanctions authorized:

> If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, *or rendering a judgment by default against the disobedient party.*

Fed.R.Civ.P. 37(b)(2) (emphasis added).

This Court is fully aware of the severity of rendering a default judgment against a defendant in a denaturalization proceeding. Although this Court was reluctant to impose severe sanctions, as evidenced by its giving Defendant one last opportunity to comply with its orders, there are circumstances where the harshest of the Rule 37 sanctions must be imposed. This is such a case. As the Supreme Court has stated:

> ... here, as in other areas of the law, the most severe in the spectrum of sanctions must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (finding that the District Court did not abuse its discretion in resorting to the extreme sanction of dismissing respondents' antitrust action pursuant to Rule 37(b)(2)).

Defendant persistently refused to respond to both informal discovery requests and formal court orders. He did so even after this Court found that he had failed to provide sufficient support for his claim of fifth amendment privilege. As was stated by the Ninth Circuit, "the determination of whether the privilege is properly invoked is for the district judge. The claimant is not the final arbiter of the validity of his assertion." *Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir.1981). Defendant failed to provide this Court with adequate authority and information to support his claim of fifth amendment privilege, even after this Court granted him the additional opportunity to provide such a record. His persistence in asserting that privilege in the face of this Court's determination that he had failed to support that claim is in direct contravention of this Court's authority as "final arbiter" of his privilege claim.

His continued assertion of the fifth amendment privilege ceased to be in good faith, especially in light of his willful failure to provide this Court with sufficient information from which to make an evaluation of the claim. The record, therefore,

shows more than sufficient evidence of bad faith and willful misconduct to justify a judgment by default under the similar standard set for Rule 37(b)(2) dismissals in *National Hockey League.* Defendants actions here were taken in the face of clear warnings by this Court that failure to comply with this Court's discovery orders would result in sanctions and possible judgment by default. Borrowing the words of the district court judge whose exercise of discretion was affirmed by the Supreme Court in *National Hockey League:* "If the sanction of dismissal is not warranted by the circumstances of this case, then the Court can envisage no set of facts whereby that sanction should ever be applied." *In re Professional Hockey Antitrust Litigation,* 63 F.R.D. 641, 656 (1974).

The Court has considered the deterrent value of such a severe sanction against the harm to Defendant which may result. This Court declined to impose sanctions when first prayed for by the Government in October, 1985. *United States v. Klimavicius,* 620 F.Supp. 667 (D.Me.1985). It again declined to impose sanctions in May, 1987, because of the "seriousness" of the consequences to the Defendant in the denaturalization proceeding. *United States v. Klimavicius,* 116 F.R.D. 54 (D.Me.1987). The Court has been extremely patient in the face of Defendant's outright disobedience of its lawful orders. This sanction is not imposed solely as a punitive measure, but also as a measure to insure that future defendants will not flout the discovery orders of this Court. The Court can not function efficiently, nor can it do justice to the hundreds of deserving cases that fill its crowded docket, if it is unable to deter such conduct as is evidenced in this case. An exercise of the sanctioning power is necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629–30, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

The Court is aware that Rule 37(b)(2) limits a court's discretion to making "such orders in regard to the failure [to obey a discovery order] as are just", and it is aware that at least one court in the past has declined to issue a judgment by default in a denaturalization action. *United States v. Costello,* 222 F.2d 656, *cert. den.,* 350 U.S. 847, 76 S.Ct. 62, 100 L.Ed. 755 (1955). In that case, however, the Second Circuit merely affirmed the district judge's exercise of discretion, and the record therein showed substantially less evidence of willful misconduct than the record before this Court. In addition, courts have rendered judgments by default in circumstances with less evidence of bad faith and willful misconduct, *see, e.g., Adkins v. United States,* 816 F.2d 1580 (Fed.Cir.1987) (failure to answer interrogatories); *Quality Prefabrication v. Daniel J. Keating Co.,* 675 F.2d 77 (3rd Cir.1982) (failure to produce requested documents), and also in cases where the defendant has claimed, but been denied, a fifth amendment privilege. *See, e.g., Hodgson v. Mahoney,* 460 F.2d 326 (1st Cir.1972) (partial default judgment); *Davis v. Fendler,* 650 F.2d 1154 (9th Cir. 1981).

In the recent case of *United States v. Theodorovich,* 102 F.R.D. 587 (D.C.1984), a default judgment was rendered pursuant to Rule 37(b)(2) in a like action by the United States to revoke naturalized citizenship. The District Court held that the defendant was not entitled to relief from default judgment entered as a sanction for his repeated failure to attend scheduled depositions and to comply with its order compelling him to appear and be deposed. The record in the present case shows an equal, if not greater, amount of bad faith and willful disregard of a court's lawful discovery orders.

The imposition of the sanction of judgment by default should not be made lightly. Given the circumstances of this case, however, it is both a proper and necessary exercise of this Court's discretionary power under Rule 37(b)(2).

\*       \*       \*

For the foregoing reasons, it is hereby ORDERED that Plaintiff's motion under Fed.R.Civ.P. 37(b)(2) for an entry of judg-

ment by default against Defendant be, and hereby is, GRANTED.