STATE *ex rel.* BARKSDALE *v.* WILSON *et al.*

(NÁSHVILLE, December Term, 1951.)

Opinion filed June 7, 1952.

DAVE ALEXANDER and EGGLESTON & CAMPBELL, all of Franklin, and WALKER & HOOKER of Nashville, for appellant.

FRANK GRAY, JR. and HENDERSON & HENDERSON, all of Franklin, for appellees.

Mr. Justice GAILOR delivered the opinion of the Court.

Under subsection 16 of Section 2314 of the Code of Tennessee, the bill in this cause was filed in the name of the State, on relation of its Commissioner of Educa-

tion, against the members of the School Board of Williamson County, and the County Trustee of that County, to force the distribution of part of the proceeds of certain bond issues for the use and benefit of the schools in the " 'Franklin Special School District,' " as created by Chapter 563, Private Acts of 1949.

The bill was met by demurrer, which the Chancellor sustained, and the Complainant has perfected this appeal.

The single question presented is whether, under a proper construction of Code Sec. 2563, as it was in effect at the time of the bond issues in 1948 and 1949, a Special School District, which is not wholly within the corporate limits of a municipality, is entitled to share in the proceeds of general school bonds, payable out of taxes levied on all taxpayers in the County.

As it was in effect at the time the bonds were issued, Code Sec. 2563, which is Section 7 of Chapter 60, Public Acts of 1911, was as follows:

"In counties having a city or cities operating schools independent of said county, the trustee of said county shall pay over to the treasurer of said city that amount of said funds which shall bear the same ratio to the entire amount arising from the provisions of this article as the scholastic population of said city or cities bears to the entire scholastic population of said county; provided, however, that the said funds paid over to the said city treasurer shall be kept separate from all other funds in the manner and for the purposes herein provided for said county funds to be used."

▮ Prior to the Act of 1911, County Courts had no authority to issue bonds for school purposes; *McCord* v. *Marshall County*, 152 Tenn. 675, 280 S. W. 692; and it is familiar law that the authority and jurisdiction of

county courts will not be extended by implication, but must be conferred expressly by the Legislature; *Shelby County* v. *Memphis Abstract Co.*, 140 Tenn. 74, 203 S. W. 339, L. R. A. 1918E, 939; *The Judges' Salary Cases*, 110 Tenn. 370, 75 S. W. 1061.

Under authority of Code Secs. 2557, et seq., the bonds, here involved, were issued on resolution of the County Court of Williamson County, in two issues, for general school purposes, namely: The first in an amount of $350,000 with bonds dated June 1, 1948, in denominations of $1,000 each, sold by order of the County Court on the 29th day of July, 1948; and the second issue in the amount of $300,000, with bonds dated June 1, 1949, in denominations of $1,000 each, sold by order of the Court on May 5, 1949. Chapter 563, Private Acts of 1949, by which the Special School District, as it now exists, was created, went into effect on June 30, 1949.

Geographically, the Franklin Special School District is the 9th Civil District of Williamson County, and comprises territory both within and without the corporate limits of the Town of Franklin. The only residence requirements for members of the Board of Education of the School District (Section 2, Chapter 563, Private Acts of 1949) is that they shall be bona fide residents of the Special School District, i. e., 9th Civil District of Williamson County. Therefore, so far as the requirements of the Act are concerned, the entire Board of Education of the School District might be legally composed of citizens of the 9th Civil District, who were not residents of the Town of Franklin. It is not alleged that the present members of the Board, or any of them, are municipal officers of the Town of Franklin. The District operates and supervises two elementary schools, but it is expressly provided in the Act, that the District shall have

no function in the management or operation of city or county high schools.

When we consider these facts in construing Code Sec. 2563, supra, it is manifest that the method of division of funds there provided, could not be made to apply to a division between the county and a Special School District without legislative amendment, rather than judicial interpretation.

"The statute was evidently drawn with care. * * * To supply omissions transcends the judicial function." (Brandeis, J.) *Iselin* v. *United States*, 270 U. S. 245, 246, 248-251, 46 S. Ct. 248, 250, 70 L. Ed. 566, 569-570.

"We do not pause to consider whether a statute differently conceived and framed would yield results more consonant with fairness and reason. We take the statute as we find it." (Cardozo, J.) *Anderson* v. *Wilson*, 289 U. S. 20, 27, 53 S. Ct. 417, 420, 77 L. Ed. 1004, 1010.

■ Furthermore, the pertinent part of the caption of Chapter 60, Public Acts of 1911, wherein Code Sec. 2563 was enacted as Section 7, is:

"* * * and to further provide for the distribution of the money raised by the sale of said bonds *between the counties and cities.*" (Our emphasis.) For us to add "Special School Districts" to *cities,* would be to make the Act unconstitutional as being broader than its caption, as well as to ignore the plain meaning of the language used, and the method set up for the distribution between the counties and the cities.

■■ The function of this Court is merely to give effect to legislative intent, not to amend laws. The construction of statutes is an exclusive function of the judiciary. *Clark* v. *Williams,* 21 Tenn. 303, 304; *Duncan*

v. *The State,* 26 Tenn. 148, 151; *Mabry* v. *Baxter,* 58 Tenn. 682, 690; *Shields* v. *Williams,* 159 Tenn. 349, 359, 19 S. W. (2d) 261; but "legislative interpretation of a prior statute is entitled to respectful consideration." *Interstate Life & Accident Co.* v. *Hunt,* 171 Tenn. 119, 126, 100 S. W. (2d) 987, 102 S. W. (2d) 55, 56. In the present case, such interpretation of the Act of 1911 was expressed by the Legislature of 1951, when by express amendment (Ch. 191, Public Acts of 1951), it added "special school districts" as prospective participants in the proceeds of general school bonds, and by the amendment, set up a suitable method of distribution, aptly naming the officers who should make and receive such distribution. In our view, the effect of this amendment was a recognition that Special School Districts had not been given the right to participate in the proceeds of school bonds by Chapter 60, Public Acts of 1911, and so, by the passage of the amendment of 1951, the Legislature, itself, corrected that omission.

The amendment of 1951 was effective only after its passage, was given no retroactive effect, and was passed long after the bonds involved here, were issued, and the rights to the proceeds had been fixed. Demand for participation was made by the Chairman of the Special School District on the County Board of Education, on June 30, 1949, but the bonds had been issued under authority of statutory law as it was in effect long prior to that date.

For the reasons stated, the decree of the Chancellor is in all respects, affirmed at the cost of the Appellant.