**DICKSON COUNTY, Tennessee, Plaintiff/Appellee,**

v.

**BOMAR CONSTRUCTION COMPANY, INC.,**

**and**

**United States Fidelity and Guaranty Company, Defendants/Appellants.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

July 11, 1996.

Permission to Appeal Denied by Supreme Court Nov. 25, 1996.

Don Smith, Nashville, for Defendants/Appellants.

Allan Kerns, Dickson, for Plaintiff/Appellee.

## OPINION

TODD, Presiding Judge (M.S.).

The Defendant, Bomar Construction Company, Inc., (hereafter Bomar) has presented this appeal under TRAP Rule 9 from an interlocutory order of the Trial Court overruling Bomar's motion to dismiss its claim to arbitration as required by the contract of the parties.

The sole issue on appeal is whether Bomar is entitled to dismissal.

The complaint asserts that, on May 24, 1993, the Plaintiff County executed a contract requiring Bomar to construct a jail for the County, that Bomar failed to perform said contract as agreed, and that the County has suffered $500,000 damage thereby.

Bomar filed a "Motion to Dismiss" supported by an affidavit and memorandum of law. The affidavit identifies and exhibits a copy of the contract between the parties, and a "Demand for Arbitration."

The Trial Judge filed an "Opinion and Order" stating:

### OPINION AND ORDER

This matter is before the court on a Motion to Dismiss the Complaint in this cause, because the parties entered into a contract on May 24, 1993, which provides for arbitration of disputes.

By statute and an abundance of case law in this state, arbitration clauses of such contracts have been upheld and enforced, and such arbitration clauses are not against public policy.

However, under this particular contract, the court must give interpretation to the following paragraph:

### 7.6 RIGHTS AND REMEDIES

7.6.1 The duties and obligations imposed by the Contract documents and the rights and remedies available thereunder Shall be in addition to and not a limitation of any duties, Obligations, rights and remedies otherwise imposed or available by law.

The court is of the opinion that this paragraph says the parties have the rights and remedies imposed by available law and in addition thereto, but not a limitation of, the rights and remedies imposed by law, they have the rights and remedies available under this contract.

Therefore, this paragraph actually gives the parties an option to proceed under the contract or by remedies available under the law.

Therefore, for reasons hereinabove set forth, the Order to Dismiss is overruled.

The arbitration clause of the contract reads as follows:

### 4.5.1 Controversies and Claims Subject to Arbitration.

Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the reward rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof, except controversies or Claims relating to aesthetic effect and except those waived as provided for in Subparagraph 4.3.5. Such controversies or Claims upon which the Architect has given notice and rendered a decision as provided in Subparagraph 4.4.4 shall be subject to arbitration upon written demand of either party. Arbitration may be commenced when 45 days have passed after a Claim has been referred to the Architect

as provided in Paragraph 4.3 and no decision has been rendered.

As indicated above, the Trial Judge held that Paragraph 7.6.1, quoted in his order conflicted with and rendered ineffective the compulsory nature of Paragraph 7.9.1, quoted above, thereby changing the word, "shall" to the words "may, if agreeable to the parties."

Defendants cite *Coble Systems, Inc. v. Gifford Co.,* Tenn.App.1981, 627 S.W.2d 359 wherein a truck lessor sued the lessee for damage to the leased truck while in lessee's possession. On the face of the lease, the renter's signature appeared beside a paragraph stating:

> Renter to pay total cost of loss or damages to vehicle (See Par. 9). Renter sign here _____.

Following the above provision of the lease was a paragraph stating:

> Customer's limits of liability are: $1,000.00 straight trucks, $2,000.00 each tractor, trailer or refrig. Unit (see Par. 9). Renter sign here ___N.A.___.

The renter signed again at the conclusion of the agreement.

On the reverse side of the agreement were paragraph 8, repeating the $1,000.00–$2,000.00 liability above and Paragraph 9 requiring the renter to pay rent during repair of the agreement. This Court held:

> ■ The alleged ambiguity in the instrument under consideration is one produced by the "uncertainty, contradictoriness, or deficiency" of the language in the agreement. Therefore parol evidence would not be admissible to explain or vary the terms of the agreement.

> ■ From the four corners of the agreement then, what did the parties intend when this agreement was executed? There are other rules of construction that can be applied to help resolve the apparent conflict. First and most important is the primary rule that the intent of the parties must prevail. *Ohio Cas. Ins. Co. v. Travelers Indemnity Company,* 493 S.W.2d 465 (Tenn.1973). Second, the courts will construe the writing so as to avoid the conflict if possible. *Barlett [Bartlett] v. Phillips-*

*Cary [Philip–Carey] Mfg. Co.,* 216 Tenn. 323, 392 S.W.2d 325 (1965).

> ■ Applying these rules of construction to the contract before us, we are convinced that Gifford agreed to be liable for the total cost of loss or damage to the truck. That fact is apparent from the face of the agreement where Gifford's agent signed in the slot containing that provision, The limitation on liability was marked "N/A."

In *Bank of Commerce and Trust Company v. Northwestern National Life Ins. Co.,* 160 Tenn. 551, 26 S.W.2d 135 (1930), the Supreme Court said:

> It is, however, the well accepted rule that all provisions of a contract should be construed in harmony with the other, if such Construction can be reasonably made, so as to avoid repugnancy between the several provisions of the contract, (p. 559, 26 S.W.2d 135) (citing *Laurenzi v. Atlas Ins. Co.,* 131 Tenn. 644, 660–661, 176 S.W. 1022 (1915)).

In conformity with the above authorities, this Court declines to interpret the two clauses in such a manner as to produce a repugnancy and consequent failure of one provision. Instead, this Court elects to follow the above authorities by interpreting the provisions so as to produce harmony and effectiveness of both. That is, Paragraph 7.9.1 means that the parties are obligated to submit to arbitration all disputes arising under the contract. Paragraph 7–6–1 means, the parties do not waive other unspecified rights or remedies which do not nullify their obligation to arbitrate. The details of construction activity are too intricate and complex to permit the recitation of the rights and remedies reserved by Paragraph 7–6–1.

The order of the Trial Court overriding defendant's motion for summary judgment is reversed and vacated and the cause is remanded for entry of an order favorable to said motion—either dismissing the suit or staying all proceedings until the completion of arbitration as provided in the contract.

Costs of this appeal are taxed against the appellee county.

REVERSED AND REMANDED.

LEWIS and CANTRELL, JJ., concur.