# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

FILED

**April 7, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **THE TIPTON COUNTY DEPARTMENT**) | | |
| **OF PUBLIC INSTRUCTION BY** ) | | |
| **TIPTON COUNTY BOARD OF** ) | | |
| **EDUCATION,** ) | | |
| ) | | |
| Plaintiff/Appellee, ) | Tipton Equity No. 15381 | |
| ) | | |
| **vs.** ) | | |
| ) | Appeal No. 02A01-9704-CH-00084 | |
| **DELASHMIT ELECTRIC COMPANY,** ) | | |
| **a partnership composed of AUBREY** ) | | |
| **DELASHMIT, NEAL DELASHMIT and** ) | | |
| **MICHAEL PUHLMAN and FRONTIER** ) | | |
| **INSURANCE COMPANY,** ) | | |
| ) | | |
| Defendants/Appellants. ) | | |

APPEAL FROM THE CHANCERY COURT OF TIPTON COUNTY
AT COVINGTON, TENNESSEE

THE HONORABLE JOHN HILL CHISOLM, CHANCELLOR

For the Plaintiff/Appellee:              For the Defendants/Appellants:

Walker T. Tipton                         M. Clark Spoden
Covington, Tennessee                     Nashville, Tennessee

                                         James Lynn Werner
                                         Columbia, South Carolina

**REVERSED AND REMANDED**

HOLLY KIRBY LILLARD, J.

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

**OPINION**

This is a breach of contract case involving the enforcement of an arbitration clause. We find the arbitration clause applicable, reverse the judgment of the lower court, and remand the case for arbitration.

On June 13, 1995 Appellee Tipton County Board of Education (the Board) entered into a contract with Delashmit Electric Company (Delashmit), requiring Delashmit to perform certain electrical work in a new county high school building. The contract included by reference an arbitration clause. Delashmit provided a performance bond, issued by Frontier Insurance Company (Frontier), in the amount of $691,000. This performance bond covered the contract between the Board and Delashmit, and incorporated by reference the terms of the original contract between the two principles, including the arbitration clause. The performance bond provided that, upon default by Delashmit, Frontier would remedy the default by completing the job itself in accord with the contract terms, or by paying for another contractor to complete the job.

The Board alleged that on June 25, 1995, Delashmit "abandoned the construction job leaving substantial work unfinished." The Board notified Frontier and demanded that it comply with the terms of the performance bond by completing the job. Frontier refused. The Board then filed this lawsuit against Frontier and Delashmit. In response, Frontier filed a motion to compel arbitration. Without elaborating on its reasoning, the trial court denied Frontier's motion to compel arbitration. Frontier now appeals.

On appeal, Frontier argues that the trial court erred in denying its motion to compel arbitration. In response, the Board argues that it did not have authority to bind itself to an arbitration agreement. The Board also argues that Frontier, as a third party surety, cannot enforce the arbitration provisions against the Board. The Board further contends that the arbitration provision is unenforceable under Tennessee statutes because it mandates arbitration in another state.

The Board contends that the trial court correctly denied Frontier's motion to compel because the Board does not have the power to agree to arbitration in this case. A governmental body such as the Board has no authority other than that granted to it by the Legislature: "Like the counties themselves, county legislative bodies possess only the powers vested in them by the Tennessee Constitution or by state law." *State v. Bilbrey*, 878 S.W.2d 567, 571 (Tenn. App. 1994) (citing *State v. Wilson*, 194 Tenn. 140, 142-43, 250 S.W.2d 49, 50 (1952)). The Board argues that, because the Legislature has not expressly granted the Board the power to enter into arbitration agreements, the

2

arbitration agreement in this contract is void.

Frontier argues that the arbitration agreement is valid and enforceable, and that the Board possessed the authority to execute and bind itself to such a contract: "[C]ontracts made by governmental bodies are as binding as those made by private persons, and of this there can be no doubt." *Blackwell v. The Quarterly County Court of Shelby Co.*, 622 S.W.2d 535, 540 (Tenn. 1981) (citing *City of Chattanooga v. Tennessee Electric Power Co.*, 172 Tenn. 524, 112 S.W.2d 385 (1938)). Tennessee law provides local school boards with the authority to contract for the construction of school buildings. Tenn. Code Ann. § 49-2-203(4)(C)(1) & (2) (1996);[1] *see also Benson v. Hardin County*, 173 Tenn. 246, 116 S.W.2d 1025 (1938) (holding that the exclusive management and control of county schools is in the county board of education).

However, section 49-2-203(4)(C)(1) & (2) does not specifically mention arbitration clauses in contracts. Frontier argues that the Board has the authority to enter arbitration agreements as an incident to its statutorily provided power to contract and bring suit, and in conformity with the Tennessee Uniform Arbitration Act and the United States Arbitration Act. Frontier asserts further that, as surety, it steps into the shoes of the principal and may assert the claims or defenses of the principal on its own behalf.

Under Tennessee law, a school board has the authority to contract for the construction of school buildings. Tenn. Code Ann. § 49-2-203(4)(C) (1996). The Legislature has delegated to the Board the power to contract regarding matters "such as are necessary and usual, fit and proper, to enable [it] to secure or to carry into effect the purposes for which it was created. . . ." *See Crocker v. Manchester*, 178 Tenn. 67, 156 S.W.2d 383 (1941). This is not an unlimited power to contract. *Id.* at 383. Tennessee courts have implicitly recognized that cities and counties also have the power

---

[1] Tennessee Code Annotated § 49-2-203(4)(C)(1) & (2) provides:
(1) No county board of education shall contract for the construction of school buildings or additions to existing buildings, the expenditure for which is in excess of ten thousand dollars ($10,000) except when such contract be made after competitive bids.

***

(2) Construction management services which are provided for a fee and which involve supervision of the planning, design, bid and construction phases of the project, but not the performance of actual construction work, are deemed to be professional services and may be performed by a qualified person on the basis of recognized competence and integrity. ... Contracts for such services shall be procured through competitive bids as provided in this subsection or by a request for proposals process.

to contract for arbitration under the Uniform Arbitration Act, Tennessee Code Annotated § 29-5-301 to -320 (Supp. 1996).[2] *See Dickson County v. Bomar Constr. Co., Inc.*, 935 S.W.2d 413 (Tenn. App. 1996). In *Dickson County*, the county sued a contractor for allegedly breaching a contract to construct a jail. The contractor moved to dismiss the action, asserting that the County was obligated to arbitrate the dispute. The arbitration clause of the contract states:

> Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof, . . . .

*Id.* at 414. The trial court denied the motion to compel arbitration on other grounds. The Court of Appeals reversed, and remanded the case for entry of an order "either dismissing the suit or staying all proceedings until the completion of arbitration as provided in the contract." *Id.* at 415. The Court found that "[b]y statute and . . . case law in this state, arbitration clauses of such contracts have been upheld and enforced, and such arbitration clauses are not against public policy." *Id.* at 414.

This Court has previously considered whether a municipal board has the authority to enter into a contract that includes an arbitration clause. *See Anderson County v. Architectural Techniques Corp.*, No. 03A01-9303-CH-00110, 1993 WL 346473 (Tenn. App. Sept. 9, 1993). In *Anderson County*, a dispute arose between the County Board of Education and Architectural Techniques Corporation ("Artec"), concerning payment for work on renovation projects in two school properties. *Id.* at *1. After Artec demanded arbitration, the County and the Board of Education filed a declaratory judgment action and requested a stay of arbitration. *Id.* The complaint alleged, *inter alia*, that "the arbitration clause in the signed agreement [was] of no legal force and effect and therefore no contract for arbitration exist[ed]." *Id.* The trial court entered an order denying the application for a stay of arbitration and requiring the parties to arbitrate the dispute. *Id.* at *3. Anderson County and the Board of Education appealed. *Id.* The appeal was dismissed as

---

[2] Tennessee Code Annotated § 29-5-302 provides as follows:
(a) A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable save upon such grounds as exist at law or in equity for the revocation of any contract; provided, however, that for contracts relating to farm property, structures or goods, or to property and structures utilized as a residence of a party, the clause providing for arbitration shall be additionally signed or initialed by the parties.

premature, and the parties proceeded to arbitration. This resulted in an award by the arbitrator to Artec, which was confirmed by the trial court. Anderson County and the Board then appealed the award. This Court concluded "that the trial court correctly found that there is a written agreement between the parties to submit controversies to arbitration and that the suit in this case was properly submitted to arbitration." *Id.* at \*5.

*Blaine v. John Coleman Hayes & Assoc., Inc.*, 818 S.W.2d 33 (Tenn. App. 1991), involved an arbitration clause contained in a contract between a city and an engineer hired to construct a wastewater treatment plant. The City alleged that it had been fraudulently induced to enter the contract, and consequently that the arbitration clause was void. The City sought rescission on this basis. The City prevailed on its rescission claim, and this Court determined that the arbitration clause was unenforceable. Had the contract been found to be enforceable, however, the appellate court indicated that the parties would have been required to proceed to arbitration. *Id.* at 37-38.

These decisions are consistent with the language of the Tennessee Uniform Arbitration Act and with decisions from other jurisdictions holding that the uniform acts generally allow school boards, counties, and other political subdivisions to agree to arbitration. *See*, *e.g.*, *Consolidated Pacific Eng'g, Inc. v. Greater Anchorage Area Borough Sch. Dist.*, 563 P.2d 252 (Alaska 1977); *Bingham Co. Comm'n v. Interstate Elec. Co.*, 665 P.2d 1046, 1050 (Idaho 1983); *Vista v. Sutro & Co.*, 60 Cal. Rptr. 2d 488 (Cal. App. 1997); *Stauffer Constr. Co., Inc. v. Board of Educ.*, 460 A.2d 609 (Md. App. 1983); *D. Wilson Constr. Co., Inc. v. McAllen Independent Sch. Dist.*, 848 S.W.2d 226 (Tex. App. 1992). Under the circumstances in this case, we find that the Board had the authority to bind itself to the arbitration agreement incorporated by reference into the contract at issue.

The Board also argues that Frontier, as a third party surety, cannot enforce the arbitration provisions against the Board. However, as surety, Frontier may assert the rights of a principal to the contract even though it is not a party to the original contract between the Board and Delashmit. Frontier "does not have to be a signatory to the contract when the contract is specifically incorporated by reference in the surety bond." *Exchange Mut. Ins. Co. v. The Haskell Co.*, 742 F.2d 274 (6th Cir. 1984). In this case, the performance bond specifically incorporates by reference the contract between the Board and Delashmit, which includes the arbitration provisions. This argument is without merit.

5

The Board also contends that the arbitration agreement is void under Tennessee Code Annotated § 66-11-208(a). This statute provides in pertinent part:

> [A] provision in any contract, subcontract or purchase order for the improvement of real property in this state is void and against public policy if it makes the contract, subcontract or purchase order subject to the substantive laws of another state or mandates that the exclusive forum for any litigation, arbitration or other dispute resolution process is located in another state.

Thus, the Board asserts that the arbitration agreement is void because it "mandates that the exclusive forum for [the] . . . arbitration . . . is located in another state." Tenn. Code Ann. § 66-11-208(a).

The contract between the Board and Delashmit does not contain a forum selection clause. However, the Construction Industry Arbitration Rules, published by the American Arbitration Association, apply to the arbitration clause at issue in this case. These Rules provide that when the parties cannot agree on a locale for the proceeding, the arbitrator may move the arbitration proceeding to another venue. This language does not "mandate that the exclusive forum" for the arbitration is in another state. Rather, under the Arbitration Rules, there is only a possibility that venue for the arbitration could be moved to another state. Therefore, the arbitration provision in this contract is not contrary to the public policy set forth in Tennessee Code Annotated § 66-11-208(a) and therefore is not void.

In sum, the Board had the authority to bind itself to the arbitration provisions of the contract in this case. Frontier, as surety, could enforce the arbitration provisions against the Board because the contract for the performance bond incorporates by reference the contract between the Board and Delashmit, including the arbitration provisions. The arbitration provisions do not "mandate" that the "exclusive forum" for the arbitration is in another state, and therefore are not void under Tennessee Code Annotated § 66-11-208(a). Consequently, Frontier may enforce the arbitration provisions against the Board. The decision of the trial court, denying Frontier's motion to compel arbitration, must be reversed, and the cause must be remanded for entry of an order compelling arbitration.

The decision of the trial court is reversed and remanded for entry of an order compelling arbitration. Costs are assessed against the Appellee, for which execution may issue if necessary.

_____
_____**HOLLY KIRBY LILLARD, J.**

**CONCUR:**


_____
**W. FRANK CRAWFORD, P. J., W.S.**


_____
**ALAN E. HIGHERS, J.**

7