# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 4, 2005 Session

## PFIZER, INC. v. RUTH E. JOHNSON, COMMISSIONER OF REVENUE FOR THE STATE OF TENNESSEE

**Appeal from the Chancery Court for Davidson County**
**No. 01-2385-II     Carol L. McCoy, Chancellor**

---

**No. M2004-00041-COA-R3-CV - Filed January 23, 2006**

---

Pfizer, Inc. challenges the assessment of the additional rate of business tax under Tenn. Code Ann. § 67-4-709(b)(2)(B).  It contends the sales in question, which were from one wholesaler to another wholesaler, were not within the definition of "wholesale sales" as the term is defined in Tenn. Code Ann. § 67-4-702(a)(19), and thus not subject to the additional business tax.  The State of Tennessee contends sales, whether a "sale at retail" or a "sale at wholesale," are taxable pursuant to the percentages set forth in Tenn. Code Ann. § 67-4-709(b)(2)(B).  The facts are not disputed.  Based upon a statutory interpretation, we find sales from one wholesaler to another wholesaler are not subject to the additional business tax under Tenn. Code Ann. § 67-4-709(b)(2)(B).

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Reversed and Remanded**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Michael D. Sontag and Christopher L. Haley, Nashville, Tennessee, for the appellant, Pfizer, Inc.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Gary R. Hotvedt, Assistant Attorney General, for the appellee, Ruth E. Johnson, Commissioner of Revenue, State of Tennessee.

## OPINION

Pfizer, Inc. is a manufacturer and seller of pharmaceutical drugs and other products.[1]  It is a Delaware corporation licensed to do business in Tennessee with a warehouse and distribution center in Memphis, Tennessee.  The Memphis facility was used to distribute pharmaceuticals and other products to a variety of customers in Tennessee, including McKesson Corporation and other

---

[1]Pfizer's corporate headquarters are in New York.

wholesale sellers of pharmaceuticals located in Tennessee, such as Bindley Western Corporation and Amerisource Corporation.

Some of Pfizer's customers in Tennessee were retailers, others of its customers, like McKesson, were wholesalers.[2] Pfizer paid the additional tax on sales to "retailers" in Tennessee, as it deemed such sales "wholesale sales"; it did not, however, pay the additional tax on sales to other wholesalers, such as McKesson.

In December of 2000, the Tennessee Department of Revenue conducted a routine audit of sales from Pfizer's Memphis facility for the period of April 1, 1995, through March 31, 2000. From this audit the Department of Revenue concluded that Pfizer had made significant wholesale sales to McKesson for which it had not paid the additional business tax pursuant to Tenn. Code Ann. § 67-4-709(b)(2)(B). The State categorized sales from Pfizer to McKesson as "wholesale sales" pursuant to Tenn. Code Ann. § 67-4-709(b)(2)(B), and assessed the additional business tax in the amount of $2,275,523.00. In addition, the State charged interest in the amount of $651,393.08, and a delinquency fee in the amount of $568,883.00, for a total assessment of $3,495,799.08.

The Department of Revenue filed the Notice of Assessment upon Pfizer, following which Pfizer filed this action challenging the assessment, interest, and penalty. The State and Pfizer each filed motions for summary judgment concerning the core issue, whether Pfizer's sales to McKesson qualified as "wholesale sales" as that term is defined in the statue. The Chancery Court granted the State's motion and denied Pfizer's motion for summary judgment. Pfizer appeals. The sole issue before this court is whether Pfizer's sales to McKesson are subject to the additional business tax as "wholesale sales" pursuant to Tenn. Code Ann. § 67-4-709(b)(2)(B).

### STANDARD OF REVIEW

No genuine material factual disputes are presented. The issue presented hinges on the proper interpretation of Tennessee statutes and their application to the facts of this case. Issues involving the construction of statutes and their application to facts involve questions of law. *Memphis Publ'g Co. v. Cherokee Children & Family Servs., Inc*., 87 S.W.3d 67, 74 (Tenn. 2002); *Waller v. Bryan*, 16 S.W.3d 770, 773 (Tenn. Ct. App. 1999). Therefore, the trial court's resolution of these issues is not entitled to Tenn. R. App. P. 13(d)'s presumption of correctness on appeal. We will review the issues de novo and reach our own independent conclusions regarding them. *King v. Pope*, 91 S.W.3d 314, 318 (Tenn. 2002).

The primary rule of statutory construction is "to ascertain and give effect to the intention and purpose of the legislature." *Carson Creek Vacation Resorts, Inc. v. Dep't of Revenue*, 865 S.W.2d 1, 2 (Tenn. 1993); *McGee v. Best*, 106 S.W.3d 48, 64 (Tenn. Ct. App. 2002). Our duty is to seek a reasonable construction "in light of the purposes, objectives, and spirit of the statute based on good

---

[2]McKesson is a wholesaler of pharmaceutical products and one of the world's largest suppliers of healthcare related products and services.

sound reasoning." *Scott v. Ashland Healthcare Ctr.,* Inc., 49 S.W.3d 281, 286 (Tenn. 2001), citing *State v. Turner*, 913 S.W.2d 158, 160 (Tenn. 1995). To determine legislative intent, we must look to the natural and ordinary meaning of the language in the statute. We must also examine any provision within the context of the entire statute and in light of its over-arching purpose and the goals it serves. *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000); *T.R. Mills Contractors, Inc. v. WRH Enters., LLC*, 93 S.W.3d 861, 867 (Tenn. Ct. App. 2002). The statute should be read "without any forced or subtle construction which would extend or limit its meaning." *Nat'l Gas Distrib., Inc. v. State*, 804 S.W.2d 66, 67 (Tenn. 1991).

We are to "give effect to every word, phrase, clause and sentence of the act in order to carry out the legislative intent." *Tidwell v. Collins*, 522 S.W.2d 674, 676-77 (Tenn. 1975); *In re Estate of Dobbins*, 987 S.W.2d 30, 34 (Tenn. Ct. App. 1998). We must also presume the General Assembly selected their words deliberately, *Tenn. Manufactured Hous. Ass'n. v. Metro. Gov't.*, 798 S.W.2d 254, 257 (Tenn. Ct. App. 1990), and the use of their words conveys some intent and carries meaning and purpose. *Tennessee Growers, Inc. v. King*, 682 S.W.2d 203, 205 (Tenn. 1984); *Clark v. Crow*, 37 S.W.3d 919, 922 (Tenn. Ct. App. 2000).

Courts ascertain a statute's purpose from the plain and ordinary meaning of its language. *See Westland West Cmty. Ass'n v. Knox County*, 948 S.W.2d 281, 283 (Tenn. 1997); *Riggs v. Burson*, 941 S.W.2d 44, 54 (Tenn. 1997). We are to give effect to unambiguous statutes. *See Spencer v. Towson Moving & Storage, Inc*., 922 S.W.2d 508, 510 (Tenn. 1996). Therefore, there is no room for construction when the language of a statute is clear. *See Pursell v. First Am. Nat'l Bank*, 937 S.W.2d 838, 842 (Tenn.1996); *Anderson v. Outland*, 360 S.W.2d 44, 47 (Tenn. 1962). Therefore, when the words of a statute clearly mean one thing, the courts cannot give them another meaning under the guise of construing them. *See Henry v. White*, 194 Tenn. 192, 198, 250 S.W.2d 70, 72 (1952); *State ex rel. Barksdale v. Wilson*, 194 Tenn. 140, 144-45, 250 S.W.2d 49, 51 (1952); *Mathes v. State*, 173 Tenn. 511, 516, 121 S.W.2d 548, 550 (1938).

## ANALYSIS

Pfizer is subject to the minimum business tax under Tenn. Code Ann. § 67-4-709(a). The issue is whether Pfizer is also subject to the additional rates of tax imposed pursuant to Tenn. Code Ann. § 67-4-709(b).

Additional taxes under this particular scheme are based upon the statutory classification of the business in question. Pfizer, as a seller of pharmaceuticals falls under Classification 2. *See* Tenn. Code Ann. § 67-4-708(2)(D) (listing those engaged in the business of making sales of prescription drugs and patent medicines as falling under Classification 2). Accordingly, in addition to the minimum business tax, those in Classification 2 must pay "[o]ne tenth (1/10) of one percent

(1%) of all the retail sales of the business; and [o]ne fortieth (1/40) of one percent (1%) of all the wholesale sales of the business."[3] Tenn. Code Ann. § 67-4-709(b)(2)(A),(B).

In assessing taxes against Pfizer, the State contended the sales from Pfizer to McKesson constituted "wholesale sales." Pfizer had not paid this tax on sales to McKesson, believing the sales to McKesson were not "wholesale sales" because wholesale sales are defined as sales by a wholesaler to a retailer, and McKesson was not a retailer.

The statute provides that "wholesale sale" or "sale at wholesale" pertains to "the sale of tangible personal property or services rendered in the regular course of business to a licensed retailer for resale, lease or rental as tangible personal property in the retailer's regular course of business to a user or consumer." Tenn. Code Ann. § 67-4-702(a)(19).[4]

The statute further provides that a "retailer" is one "engaged in the business of making sales at retail. . . ." Tenn. Code Ann. § 67-4-702(a)(10).[5] The statute defines "retail sales" or "sales at retail" as "a sale of tangible personal property or services rendered to a consumer or to any person for any purpose other than for resale . . . ; provided, that sales for resale must be in strict compliance with rules and regulations." Tenn. Code Ann. § 67-4-702(a)(11).[6]

The State insists the legislature intended for all sales to be subject to the additional business tax, and there will always be two business taxes under Tenn. Code Ann. § 67-4-709: the $15 minimum business tax pursuant to § 67-4-709(a) plus an additional tax pursuant to § 67-4-709(b). Based upon this premise that there will always be the two taxes, the State contends Pfizer's sales to McKesson constituted "wholesale sales"; making Pfizer subject to the additional tax in § 67-4-709(b)(2)(B).

The problem with this argument lies in the statutory definition of "wholesale sales." To constitute a "wholesale sale" the sale had to be to a retailer who in turn would sell to the consumer. Pfizer, however, sold the pharmaceuticals to McKesson, which in turn sold them to a retailer, who

_____

[3]These rates reflect the rates that existed from 1995-2000, the tax years at issue in this dispute. This citation is also the cite to the code section that existed in 1995-2000. The citation for the current statute is also Tenn. Code Ann. §67-4-709(b)(2), but the rates have changed. The rates are presently "[t]hree-twentieths of one percent (3/20 of 1%) of all the retail sales of the business; and [t]hree-eightieths of on percent (3/80 of 1%) of all the wholesale sales of the business; . . . . The applicable tax rates are not at issue in this case; we use the ones that were applicable from 1995-2000.

[4]This is the citation that existed for this statute in 1995-2000, the tax years at issue in this case. Currently, this same statute is found at Tenn. Code Ann §67-4-702(a)(22).

[5]This is the citation that existed for this statute in 1995-2000. Currently, this same statute can be found at Tenn. Code Ann. §67-4-702(a)(15).

[6]This is the citation that existed for this statute in 1995-2000. Currently, this same statute can be found at Tenn. Code Ann. §67-4-702(a)(14).

in turn sold them to a consumer. Consequently, McKesson's sales to retailers were "wholesale sales," as defined by Tenn. Code Ann. § 67-4-702(a)(19); thus, Pfizer's sale to McKesson was one step removed from being subject to the additional tax.

Statutes imposing a tax are to be construed strictly against the government. *Prodigy Services Corp., Inc. v. Johnson*, 125 S.W.3d 413, 416 (Tenn. Ct. App. 2003)(citing *SunTrust Bank v. Johnson*, 46 S.W.3d 216 (Tenn. Ct. App. 2000). Moreover tax statutes "will not be extended by implication beyond the clear import of the language used, nor will their operation be enlarged so as to embrace matters [or persons] not specifically named or pointed out." *Prodigy* at 416 (quoting *Nat'l Gas Distribs. v. State*, 804 S.W.2d 66, 67 (Tenn. 1991)). "Where there is doubt as to the meaning of a taxing statute, the doubt must be resolved in favor of the taxpayer." *Commercial Standards Ins. Co. v. Hixson*, 133 S.W.2d 493, 494 (Tenn. 1939).

To subscribe to the State's contention, we would have to extend by implication the language used in Tenn. Code Ann. §§ 67-4-702 and 709, and we are not permitted to do so. Considering the statutory language at issue, we fail to see how Pfizer's sales to wholesalers such as McKesson fall within the statutory definition of "wholesale sales" when the definition of such a sale expressly requires the sale be to a retailer.

The judgment of the trial court is reversed and this matter is remanded to the trial court for entry of a judgment consistent with this opinion. Costs of appeal are assessed against the State of Tennessee, Department of Revenue.

_____
FRANK G. CLEMENT, JR., JUDGE

-5-