CROCKER v. TOWN OF MANCHESTER.

(*Nashville*, December Term, 1941.)

Opinion filed December 6, 1941.

CUMMINGS & MELTON, of Woodbury, for plaintiff in error.

JOHN A. CHUMBLEY and DAVID W. SHIELDS, JR., both of Manchester, for defendant in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

The Town of Manchester erected a building suitable for the operation of a garment factory and leased the same to the Star Union Company. Prior thereto, the Town of Manchester, as a part of the plan to finance the construction of the building, procured some twelve or thirteen hundred persons, principally women, to agree to pay to the Town six per cent of their wages if employed at the factory. Plaintiff in error, Opal Crocker, was one of the persons who agreed to the above terms, and she entered into the following written contract with the Town:

"I, Opal Crocker, the undersigned, hereby make application for employment at the garment factory erected

by the town of Manchester, Tennessee, and agree with the said town of Manchester, Tennessee, that in the event I am given employment at the said factory that for and in consideration of the said town of Manchester, Tenn., securing employment for me with the operator of said factory, that I will pay to the said town of Manchester, Tenn., Six percent of my weekly salary or wage, to be paid as directed by the aforesaid town."

Plaintiff in error was given employment by the Star Union Company, at the factory, and she worked there for about four years regularly paying six per cent of her weekly wage to the Town of Manchester and then stopped making payment, whereupon the Town instituted this suit against her to recover the sum of $3.35 which it alleged was due it under the contract with her.

The circuit court rendered judgment in favor of the Town for the amount sued for. Upon the appeal in error of the defendant, the Court of Appeals reversed the judgment of the trial court and dismissed the suit. The Town has filed its petition for *certiorari* and assigned errors.

The Court of Appeals based its decision dismissing the suit on several grounds. Among them was that the Town of Manchester was without authority either in its charter, or otherwise, to enter into the character of contract here sued on.

The charter of the Town of Manchester is contained in Chapter 65, Pub. Acts 1905. The grant of powers contained in the act are those usually found in town charters in Tennessee. No express authority to operate an employment agency is contained in the Town Charter. It is argued that such authority may be implied from the following language found in the charter:

"Enact and enforce such by-laws and ordinances as may be deemed necessary to preserve, promote and pro-

tect the health, peace and good order, and the general welfare of the town of Manchester, and the inhabitants thereof.''

In *Nashville* v. *Sutherland*, 92 Tenn., 335, 21 S. W., 674, 675, 19 L. R. A., 619, 36 Am. St. Rep., 88, the court made an extensive quotation from Dillon on Municipal Corporations, in part, as follows:

''The power to make contracts, and to sue and be sued thereon, is usually conferred in general terms in the incorporating act. But, where the power is conferred in this manner, it is not to be construed as authorizing the making of contracts of all descriptions, but only such as are necessary and usual, fit and proper, to enable the corporation to secure or to carry into effect the purposes for which it was created; and the extent of the power will depend upon the other provisions of the charter, prescribing the matters in respect of which the corporation is authorized to act.''

The power of the Town to make a contract of the nature here involved cannot, we think, be implied from the powers expressly conferred. In this view, the contract was *ultra vires* and void. However, if it were otherwise, it is not shown in the record that the Mayor and Council of the Town authorized by ordinance or order the making of the contract, or authorized any person to execute the same on behalf of the Town. The contract is signed by Opal Crocker and two individuals, without official designation.

For the reasons stated, *certiorari* must be denied, and concurrence had only in the results reached by the Court of Appeals.