IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 15, 2004

## STATE OF TENNESSEE v. MARK DANIEL GODSEY

**Direct Appeal from the Criminal Court for Hamilton County
Nos. 239641 and 242704     Rebecca Stern, Judge**

**No. E2003-02141-CCA-R3-HC - Filed September 27, 2004**

Defendant appeals the trial court's dismissal of his petition for writ of habeas corpus in Case No. 242704 in which Defendant alleged that the municipal ordinance supporting his conviction for reckless driving was unlawfully enacted. Defendant also appeals the trial court's order declaring him to be an habitual motor vehicle offender in Case No. 239641. After a thorough review of the record, we affirm the trial court's judgments in Case Nos. 242704 and 239641.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Jerry H. Summers, Chattanooga, Tennessee, for the appellant, Mark Daniel Godsey.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; William H. Cox, III, District Attorney General; and Kenneth O. Fritz, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

On March 11, 2002, the State filed a petition to declare Defendant an habitual motor vehicle offender pursuant to Tennessee Code Annotated section 55-10-607. As predicate offenses, the State alleged that Defendant had been convicted of driving while impaired on September 1, 1999; for driving under the influence on November 26, 1999; and for reckless driving on November 19, 2001. The November 19, 2001, conviction for reckless driving resulted from a violation of section 24-13 of the Chattanooga City Code.

Before a hearing was conducted on the State's petition, Defendant filed a petition for habeas corpus relief and a "motion to strike a prior conviction" on January 2, 2003. In his petition, Defendant alleged that section 24-13 of the Chattanooga City Code was unlawfully enacted, and

Defendant's conviction on November 19, 2001 was therefore void. Defendant conceded that he was not incarcerated as a result of this conviction. Defendant argued, however, that habeas corpus relief was appropriate because the State's attempt to use his reckless driving conviction to support a finding that Defendant was an habitual motor vehicle offender operated as a restraint against his liberty. The City of Chattanooga, although not named as a party to the lawsuit, filed an answer to Defendant's petition for habeas corpus relief generally denying that section 24-13 was unlawfully enacted.

The trial court denied Defendant's petition for habeas corpus relief in Case No. 242704 on May 8, 2003. On May 23, 2003, Defendant filed an amended petition for writ of habeas corpus and a motion to rehear which the trial court denied on July 31, 2003. The trial court entered an order *nunc pro tunc* to August 27, 2003 in Case No. 239641declaring Defendant to be an habitual motor vehicle offender. Defendant filed a notice of appeal on August 28, 2003.

## I. Notice of Appeal

We first address the State's challenge to the sufficiency of the content of Defendant's notice of appeal. The State argues that Defendant's notice of appeal fails to refer specifically to the trial court's judgment on July 31, 2003 in Case No. 242704 denying Defendant habeas corpus relief. The State points out that the body of Defendant's notice refers only to the trial court's order entered *nunc pro tunc* for August 27, 2003 in Case No. 239641 declaring Defendant to be a habitual motor vehicle offender. The State argues that the issues on appeal are thus limited to those arising out of the trial court's August 27, 2003 order.

Rule 3(f) of the Tennessee Rules of Appellate Procedure requires an appellant to specify the judgment from which relief is sought in his or her notice of appeal. *See* Tenn. R. App. P. 3(f). Rule 3(f), however, also states that "[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal." *Id.* The purpose of the rule is to provide formal notice of an intention to appeal. *Id.*, Advisory Commission Comments.

The body of Defendant's notice of appeal reads as follows:

Comes now the Defendant MARK DANIEL GODSEY, by and through counsel, and pursuant to Tennessee rule of Appellate Procedure 3, to [sic] hereby give notice that he intends to appeal to the Court of Criminal Appeals the final judgment entered in this action on the 27th day of August, 2003. (Emphasis in original.)

Notwithstanding the contents of the body of the notice, however, the caption of Defendant's notice of appeal specifically directs his appeal from the trial court's judgments in both Case No. 239641 and Case No. 242704. A failure to comply with Rule 3(f) does not limit the issues which may be raised on appeal. *Dunlap v. Dunlap*, 996 S.W.2d 803, 811 (Tenn. Ct. App. 1998). The scope of review on appeal is addressed in Rule 13(a) of the Tennessee Rules of Appellate Procedure. Tenn. R. App. P. 13, Advisory Commission Comments. "[Rule 3(f)] read in conjunction with rule

13(a) permits any question of law to be brought up for review [except as otherwise provided in Rule 3(e)] as long as any party formally declares an intention to appeal in a timely fashion." *Id.*; *see also State v. Wood*, 91 S.W.3d 769, 774 (Tenn. Crim. App. 2002).

The State relies on *Hall v. Hall*, 772 S.W.2d 432 (Tenn. Ct. App. 1989) in support of its argument that Defendant has failed to perfect his appeal of Case No. 242704. In *Hall*, the appellant attempted to seek review of an order of contempt despite the fact that neither of his two notices of appeal referenced that matter. The Court of Appeals concluded that the defendant was precluded from raising any issues concerning the order of contempt because of non-compliance with Rule 3(f). More importantly, however, the judgment of contempt was not a final, appealable order. *Hall*, 772 S.W.2d at 437.

This is not the situation in the instant case. Defendant filed a notice of appeal referencing both cases on August 28, 2003. The notice was timely filed as to the trial court's July 31, 2003 order dismissing Defendant's petition for habeas corpus relief in Case No. 242704. *See* Tenn. R. App. P. 4(a). The notice of appeal was also timely filed as to the trial court's order entered *nunc pro tunc* for August 27, 2003 order in Case No. 239641. Based on the facts presented in this case, we cannot conclude that Defendant's failure to specifically refer to the trial court's July 31, 2003 order in the body of his notice of appeal precludes this Court from reviewing the issues raised in Defendant's brief. *Dunlap*, 996 S.W.2 at 810.

## II. Validity of Defendant's Reckless Driving Conviction

Defendant's basis for both his challenge to the trial court's order declaring him to be an habitual motor vehicle offender and his petition for habeas corpus relief hinges upon the validity of section 24-13 of the Chattanooga City Code. Defendant contends that his reckless driving conviction under section 24-13 of the Chattanooga City Code is void because the penalties imposed by the municipal ordinance do not mirror those associated with a violation of the statutory offense of reckless driving found in Tennessee Code Annotated section 55-10-205.

Section 24-13 of the Chattanooga City Code provides that:

> (a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.
>
> (b) Every person convicted of reckless driving shall be punished upon the first conviction by a fine of not less than five dollars ($5.00), on a second conviction by a fine of not less than ten dollars ($10.00), on a third conviction by a fine of not less than twenty-five dollars ($25.00) and on all subsequent convictions by a fine of not less than fifty dollars ($50.00).

CHATTANOOGA, TN, CODE § 24-13 (1986).

Section 24-13 was enacted pursuant to Tennessee Code Annotated section 55-10-307 which provides that:

> (a) Any incorporated municipality may by ordinance adopt, by reference, any of the appropriate provisions of §§ 55-8-101 – 55-8-180, 55-10-101 – 55-10-310, 55-50-301, 55-50-302, 55-50-304, 55-50-305, 55-50-311, and 55-50-312, and may by ordinance provide additional regulations for the operation of vehicles within the municipality, which shall not be in conflict with the provisions of such sections.

The statutory offense of reckless driving is committed by "any person who drives any vehicle in willful or wanton disregard for the safety of persons or property." Tenn. Code Ann. § 55-10-205. Section 24-13 thus incorporates the same elements of the offense of reckless driving as does state law. *Compare* CHATTANOOGA, TN, CODE § 24-13(a) *with* Tenn. Code Ann. § 55-10-205(a). A violation of the offense of reckless driving under state law, however, is a Class B misdemeanor which carries a punishment of a period of confinement not greater than six months and a fine not to exceed five hundred dollars. *Id.* §§ 55-10-205(b) and 40-35-111(e)(3). Defendant argues that the city's failure to adopt the penalty provisions of Tennessee Code Annotated section 55-10-205(b) was outside its statutory authority thus rendering the ordinance void.

In construing statutes, we must "give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000), citing *State v. Butler*, 980 S.W.2d 359, 362 (Tenn. 1998). Legislative intent is determined "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." *Flemming*, 19 S.W.3d at 197. A municipality "may exercise only those express or necessarily implied powers delegated to it by the Legislature in its charter or under statutes." *City of Lebanon v. Baird*, 756 S.W.2d 236, 241 (Tenn. 1988) (citations omitted). An action which falls outside of a municipality's statutory authority is *ultra vires*, or beyond the scope of its powers, and thus void or voidable. *Id.*, citing *Crocker v. Town of Manchester*, 178 Tenn. 67, 156 S.W.2d 383, 384 (1941).

As our supreme court has previously recognized, "the legislature may confer jurisdiction upon municipal courts 'to try and dispose of cases based upon violation of State [traffic] statutes' for the purposes of 'economy, efficiency and expeditious handling of traffic cases.'" *City of Chattanooga v. Davis*, 54 S.W.3d 248, 277 (Tenn. 2001), citing *Hill v. State ex rel. Phillips*, 216 Tenn. 503, 392 S.W.2d 950, 952 (1965). Accordingly, Chattanooga, as a home rule municipality, is statutorily authorized to establish city courts to try violations of city ordinances. Tenn. Code Ann. § 16-17-101(a). *See Chattanooga-Hamilton County Hospital Authority v. City of Chattanooga*, 580 S.W.2d 322 (Tenn. 1979) (Noting that the City of Chattanooga became a "home rule" municipality in November, 1972). The city judge has the "power and authority to try and dispose of violations of municipal ordinances and have all other powers touching upon the arrest and preliminary trial, discharging, binding over, of all persons charged with offenses against the state committed in the city or municipality." Tenn. Code Ann. § 16-17-103. The maximum penalty, however, which may be

set by a home rule municipality for violation of an ordinance is thirty days imprisonment and/or forfeitures up to five hundred dollars to cover administrative expenses. *Id.* § 6-54-306(a) (Supp. 2003).

Each state statutory misdemeanor offense carries the possibility of a fine, up to a set maximum amount depending on the offense's classification, *unless otherwise provided* by statute. *Id.* § 40-35-111(e) (emphasis added). The Tennessee constitution requires that a jury fix the fine where the fine is assessed as punishment for an offense and is in excess of fifty dollars. Tenn. Const. art. VI, § 14; Tenn. Code Ann. § 40-35-301. Article VI, section 14 "applies to proceedings involving the violation of a municipal ordinance when the monetary sanction serves punitive goals." *Davis*, 54 S.W.3d at 262. In *City of Chattanooga v. Davis*, our supreme court observed that Tennessee Code Annotated section 6-54-306, at least facially, is not a *per se* violation of Article VI, section 14 because the express language of the statute limits the imposition of a monetary penalty "to cover administrative expenses." *Id.* at 274. As such, section 6-54-306 "confers no authority on the City of Chattanooga to impose punitive penalties in excess of fifty dollars, either with or without a jury." *Id*. at 267, n.19.

The purpose of the penalty provisions of section 24-13 of the Chattanooga City Code, however, "is [clearly] to punish the offender, and the language does not otherwise suggest any remedial purposes to be served by the fine." *Id.* at 266. The supreme court stated that:

> only courts of general jurisdiction have the power to empanel a jury to determine facts or impose punishment. Therefore, irrespective of any city ordinance to the contrary, the discretion of the Chattanooga City Court to impose punitive monetary sanctions is necessarily limited by Article VI, section 14 to fines not exceeding fifty dollars.

*Id*. at 267.

A reviewing court must "not apply a particular interpretation to a statute if that interpretation would lead to an absurd result." *Flemming*, 19 S.W.3d at 197. Tennessee Code Annotated section 55-10-307 authorizes incorporated municipalities to adopt by reference "any of the appropriate provisions of § . . . [55-10-205]." The City of Chattanooga's adoption of the elements of the offense of reckless driving was a valid exercise of its authority under this section. The implementation of a penalty structure for violators of the municipal ordinance defining the offense of reckless driving was in keeping with the City of Chattanooga's authorized powers to punish offenders. To interpret Tennessee Code Annotated section 55-10-307 otherwise would lead to the futile requirement that a municipality adopt penalties it is without authority to enforce if it wished to adopt any of the enumerated statutory offenses listed in this section.

Defendant relies on *City of Chattanooga v. Davis* in support of his argument and contends in his brief that the supreme court has previously stated that "section 24-13 of the Chattanooga City

Code is arguably not a lawfully enacted municipal ordinance because its provisions do not 'mirror' state law." In this case, however, the supreme court observed:

> In its role as Amicus Curiae, the District Attorneys General Conference argues strongly that section 24-13 of the Chattanooga City Code is not a lawfully enacted municipal ordinance because its provisions do not "mirror" state law as arguably required by section 55-10-307. However, because the issue presented by the appellant regarding the different penalties concerned only the constitutionality of the state statute under Article XI, section, 8, we decline to address the argument raised by the Amicus. To be clear, though, our holding that section 55-10-307 does not facially violate Article XI, section 8 in no way resolves the issue of whether Chattanooga City Code section 24-13 must mirror the provisions of Tennessee Code Annotated section 55-10-205 to be statutorily valid. We reserve this issue for decision in future cases.

*Davis*, 54 S.W.3d at 278.

Because the supreme court specifically declined to address the issue raised by Defendant in this appeal, there is no authority in *City of Chattanooga v. Davis* to control the disposition of the issue.

### III. Habitual Motor Vehicle Offender Status

The trial court found that there were no material disputed issues of fact with regard to the allegations contained in the State's petition and declared Defendant to be an habitual motor vehicle offender as defined by Tennessee Code Annotated section 55-10-603(2)(A). As relevant here, an habitual motor vehicle offender is anyone who is convicted, within a three-year period, of at least three of several specifically enumerated offenses. *Id.* The predicate offenses include the violation of a municipal ordinance "if the elements of the offense covered by the ordinance are the same as the elements of the offense covered by the comparable statute." *Id.* -603(2)(B).

The State offered evidence that Defendant had been convicted of driving while impaired on September 1, 1999, driving under the influence on November 26, 2000, and reckless driving on November 19, 2001, all within a three-year period. The judgment of the Chattanooga City Court finding Defendant guilty of section 24-13 was duly entered, and Defendant did not seek any appeal from the judgment. Defendant paid the fine, and the judgment became final. Nothing on the face of the record of the conviction invalidates this final judgment. *See Everhard v. State*, 563 S.W.2d 795 (Tenn. Crim. App. 1978). Once the trial court determines that the defendant has the requisite number of convictions within the requisite time period, there are no material disputed issues of fact, and the trial court is required to declare the defendant an habitual offender and revoke his or her driving privileges. Tenn. Code Ann. § 55-10-613(a). Based on the facts presented in this case, we find that the trial court did not err in declaring Defendant an habitual motor vehicle offender.

## VI. Habeas Corpus Relief

Defendant's habeas corpus petition was based upon his claim that his conviction under section 24-13 of the Chattanooga City Code was void. We need not address this argument based upon the foregoing conclusion that the ordinance is not void. Furthermore, the restraint on Defendant's liberty caused by an order declaring him to be an habitual motor vehicle offender is merely a collateral consequence of his conviction of reckless driving. Under the recently decided decision of the Tennessee Supreme Court in *Hickman v. State*, ___ S.W.3d. ___, No. E2002-01916-SC-R11-PC (Tenn. Sept. 22, 2004), habeas corpus "is not an appropriate avenue for relief." *Id.*, slip op. at 6-7.

## CONCLUSION

After a thorough review of this record, we affirm the trial court's judgments in Case Nos. 242704 and 239641.

_____
THOMAS T. WOODALL, JUDGE