IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 24, 2012 Session

## JAMES LEWIS JACKSON v. JOHN N. JEWELL ET AL.

**Appeal from the Chancery Court for Wilson County**
**No. 01418      C. K. Smith, Chancellor**

**No. M2011-01838-COA-R3-CV - Filed June 6, 2012**

Wilson County appeals from the trial court's denial of its Tennessee Rule of Civil Procedure 60.02 motion to set aside an agreed order of compromise and settlement based upon its contention that the agreement would violate a policy of the Wilson County Road Commission and that it "forgot" the policy when entering into the agreed order. The county also appeals from the trial court's finding that it was in contempt of the agreed order and must comply with the order within six months, the trial court's denial of its request to stay the judgment, and the trial court's award of $750 in attorney's fees to the plaintiff. Finding the trial court did not abuse its discretion, we affirm the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT, J., and BEN H. CANTRELL, SP. J., joined.

Michael R. Jennings, Lebanon, Tennessee, for the appellant, Wilson County, Tennessee.

Timothy A. Davis, Lebanon, Tennessee, for the appellee, James Lewis Jackson.

Lawrence Alan Poindexter, Lebanon, Tennessee, for the appellees, John N. Jewell and Janice B. Jewell.

## OPINION

This action arose when James Lewis Jackson filed an action to quiet title to property on which "Old Cherry Valley Road" was located in Wilson County, Tennessee. The original defendants were John and Janice Jewell; GTE MobilNet of Nashville, Inc.; Skyward Group, Inc.; Crown Castle USA; Verizon Wireless Services; and Wilson County, Tennessee. The Jewells were adjacent property owners, who had an easement in their chain of title permitting

them to use "Old Cherry Valley Road" to access their property. The corporations had entered into agreements with the Jewells to place a communications tower on their property. The defendants all filed answers. In their answer, the Jewells asserted that Old Cherry Valley Road was a public road.

In July 2006, Jackson filed a voluntary dismissal as to all defendants except the Jewells. An order of dismissal without prejudice was entered on August 18, 2006. Subsequently, Jackson moved to amend his complaint to again add Wilson County, Tennessee as a party defendant; the trial court granted his motion and Jackson filed an Amended Complaint.

Pursuant to an Agreed Order, the parties were scheduled to meet and review the property on or before February 28, 2009, and then submit to a Judicial Settlement Conference. The Judicial Settlement Conference was held on December 4, 2009. An Agreed Order of Compromise and Settlement was entered on February 8, 2010. Pursuant to the Agreed Order, a survey was to be performed on Old Cherry Valley Road and a deed prepared from the survey. Once the deed was prepared, the Agreed Order stated that the matter was to be placed on the agenda of the Wilson County Road Commission requesting that Wilson County take back the road and perform maintenance on the road. The action was then dismissed with prejudice.

Following the entry of the Agreed Order, Wilson County learned that it would violate a "policy" of the Wilson County Road Commission. On February 8, 2011, one year after the Agreed Order was entered, a Motion to Strike the Agreed Order was filed seeking to set aside the Agreed Order pursuant to Tennessee Rule of Civil Procedure 60.02.[1] On May 23, 2011, Jackson filed a Motion for Contempt based upon Wilson County's failure to abide by the Agreed Order. A hearing on the motions occurred on July 27, 2011. The trial court denied Wilson County's Motion to Set Aside. The trial court granted Jackson's Motion for Contempt and ordered Wilson County to start maintenance on the road no later than six months from July 27, 2011. The trial court awarded Jackson's attorney $750 in attorney's fees. The trial court denied Wilson County's oral motion to stay the judgment. Wilson County filed a timely appeal.

---

[1]While the record is silent on the significant period of time that passed between the entry of the Agreed Order and the filing of the motion to set aside, Wilson County's attorney represented to this court during oral argument that he attempted to resolve the matter but was then requested by his client to seek relief pursuant to Rule 60.02.

**ANALYSIS**

On appeal, Wilson County argues that the trial court erred in denying its motion to set aside the Agreed Order pursuant to Tennessee Rule of Civil Procedure 60.02. The County further argues that the trial court erred in granting Jackson's motion for contempt, in awarding attorney's fees stemming from the motion for contempt, and in denying its request for a stay of the judgment. We shall address each issue in turn.

## I. Tennessee Rule of Civil Procedure 60.02 Motion

A motion for relief based on Rule 60.02 grounds addresses itself to the sound discretion of the trial judge, and the scope of review of an appellate court is to determine if that discretion was abused. *Underwood v. Zurich Insurance Co.*, 854 S.W.2d 94, 97 (Tenn. 1993). Thus, the trial court's decision to deny relief under Rule 60.02 is reviewed under the differential abuse of discretion standard. *Day v. Day*, 931 S.W.2d 936, 939 (Tenn. Ct. App. 1996).

The party seeking relief from a judgment bears a heavy burden. Rule 60.02 provides an "exceptional remedy." *Nails v. Aetna Insurance Co.*, 834 S.W.2d 289, 294 (Tenn. 1992); *see also Steioff v. Steioff*, 833 S.W.2d 94, 97 (Tenn. Ct. App. 1992). Its function is "to strike a proper balance between the competing principles of finality and justice." *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976). It is "an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Thompson v. Firemen's Fund Insurance* Co., 798 S.W.2d 235, 238 (Tenn. 1990).

Wilson County sought to set aside the Agreed Order pursuant to Rule 60.02(1) for "mistake, inadvertence, surprise or excusable neglect," and pursuant to Rule 60.02(5) for "any other reason justifying relief from the operation of the judgment."[2] In its brief, Wilson County argues that the denial of its motion for Rule 60.02 relief would result in a "possible inequity" that would result from the County violating its own policy and set a precedent for other cases that might arise on similar roads in Wilson County.

We find it important to note that this is not an *ultra vires* act by Wilson County. "When a municipality fails to act within its charter or under applicable statutory authority,

---

[2]When this case came on for oral argument, neither the affidavit of the Wilson County Road Superintendent nor the policy that was allegedly violated by the Agreed Order were in the record. By agreement of the parties and with approval of the trial court and this court, the documents were filed with the clerk of this court on May 30, 2012, as a supplement to the record.

the action is *ultra vires* and void or voidable." *City of Lebanon v. Baird*, 756 S.W.2d 236, 241 (Tenn. 1988) (citing *Crocker v. Town of Manchester*, 156 S.W.2d 383, 384 (Tenn. 1941)). "Under Tennessee law, a municipal action may be declared *ultra vires* for either of two reasons: (1) because the action was wholly outside the scope of the city's authority under its charter or a statute, or (2) because the action was not undertaken consistent with the mandatory provisions of its charter or a statute." *Id*. That is not the situation in this case. Wilson County simply seeks to avoid violating a policy adopted by the Wilson County Road Commission, not a statute, law, or provision of the charter. Therefore, the Agreed Order is not void as a matter of law.

Instead, Wilson County contends that it merely forgot the policy was in existence at the time that it entered into the Agreed Order. We find that the trial court did not abuse its discretion in denying Wilson County's motion to set aside the Agreed Order. This situation does not fall within the purview of Rule 60.02, which is an "exceptional remedy." *Nails*, 834 S.W.2d at 294. Wilson County, as the moving party had the burden to demonstrate why it was entitled to this exceptional remedy. Under subsection (1) of Rule 60.02, Wilson County must demonstrate "facts explaining why movant was justified in failing to avoid mistake, inadvertence, surprise or neglect." *Hopkins v. Hopkins*, 572 S.W.2d 639, 640 (Tenn. 1978) (citing *Hoffman v. Celebrezze*, 405 F.2d 833 (8th Cir. 1969); *Hulson v. Atchison T. & S. F. Ry.*, 289 F.2d 726 (7th Cir. 1961); *Smith v. Kincaid*, 249 F.2d 243 (6th Cir. 1957); *Federal Deposit Ins. Corp. v. Alker*, 234 F.2d 113 (3rd Cir. 1956); and *Petition of Pui Lan Yee*, 20 F.R.D. 399 (N.D. Cal.1957)). Representatives of Wilson County and the Wilson County Road Commission with the authority to enter into the settlement agreement were present at the Judicial Settlement Conference and the record provides no justification for why these representatives did not abide by their own policy. Therefore we find the trial court did not abuse its discretion.

"Relief under Rule 60.02(5) is only appropriate in cases of overwhelming importance or in cases involving extraordinary circumstances or extreme hardship." *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000) (citing *Underwood v. Zurich Ins. Co.,* 854 S.W.2d 94, 97 (Tenn.1993)). Again, Wilson County's only argument is that compliance with the Agreed Order could result in a "possible inequity" and would set a precedent that it would not want to abide by in future situations. The trial court found that this was insufficient to meet the heavy burden required under Rule 60.02(5). We agree and find that the trial court's decision on this matter was not an abuse of discretion.

## II. Contempt

Wilson County also contends that the trial court erred in granting Jackson's motion for contempt. The trial court granted the motion for contempt and ordered that Wilson

County must comply with the Agreed Order within six months. If it failed to comply, then Jackson could file a show cause order with the court. A trial court's decision to hold a party in civil contempt is entitled to great weight and this court reviews such a decision under the abuse of discretion standard. *Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008) (citing *Hawk v. Hawk*, 855 S.W.2d 573, 583 (Tenn. 1993); *Moody v. Hutchison*, 159 S.W.3d 15, 25–26 (Tenn. Ct. App. 2004)). This court is not to substitute our judgment for that of the court being reviewed. *Id*. (citing *Williams v. Baptist Mem'l Hosp.*, 193 S.W.3d 545, 551 (Tenn. 2006); *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)). In civil contempt, the contemnor "holds the keys to the jail." Thus, in this case it is up to Wilson County to comply with the Agreed Order, which it entered into voluntarily, thus purging the contempt. *Ahern v. Ahern*, 15 S.W.3d 73, 79 (Tenn. 2000) (citing Tenn. Code Ann. § 29-9-103; *Garrett v. Forest Lawn Mem'l Gardens*, 588 S.W.2d 309, 315 (Tenn. Ct. App. 1979)).[3] We find no basis upon which to find that the trial court abused its discretion in finding Wilson County in civil contempt for its failure to comply with an Agreed Order entered into in February of 2010.

Further, we find that the trial court did not err in awarding $750 in attorney's fees to Jackson for the motion for contempt. Attorney's fees are an appropriate award of damages to a successful movant in a contempt proceeding. *Reed v. Hamilton*, 39 S.W.3d 115, 119 (Tenn. Ct. App. 2000) (citing Tenn. Code Ann. § 29-9-105).

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the Appellant, Wilson County, Tennessee.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[3]We also find that the trial court did not abuse its discretion in denying Wilson County's motion for a stay.