# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### August 13, 2013 Session

## STEPHANIE D. COOLEY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 4564   Seth Norman, Judge**

---

**No.  M2013-00205-CCA-R3-HC   Filed November 8, 2013**

---

Petitioner, Stephanie D. Cooley, pled guilty to two counts of obtaining controlled substances by fraud in Sumner County in 2007.  As a result, she was sentenced to two, concurrent, two-year sentences.  The sentences were suspended, and Petitioner was ordered to probation. Petitioner filed a petition for writ of habeas corpus challenging the Sumner County convictions in Davidson County in October of 2012.  The petition was dismissed because there was nothing on the face of the judgments to indicate that the convictions were void. Petitioner appeals, arguing that the habeas corpus court improperly denied habeas corpus relief.  After a review of the record and applicable authorities, we determine that the habeas corpus court properly denied habeas corpus relief where Petitioner failed to show that her judgments were void.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Kathleen G. Morris, Nashville, Tennessee, for the appellant, Stephanie D. Cooley.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; and Victor S. Johnson, District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual Background*

Petitioner was indicted by the Sumner County Grand Jury in January of 2007 for two counts of obtaining or attempting to obtain Hydrocodone, a Schedule III controlled

substance, by misrepresentation, fraud, deception, and subterfuge in violation of Tennessee Code Annotated section 55-11-402. Petitioner pleaded guilty to two counts of obtaining controlled substances by fraud in Sumner County in April of 2007. As a result of the guilty plea, Petitioner was sentenced to two years in incarceration for each conviction, to be served concurrently. From the record, it appears that Petitioner was ordered to serve the sentences on probation.

At the guilty plea submission hearing, the prosecutor for the State provided the following as the basis for the charges:

> [T]hese offenses occurred on October 17th 2005 and January 31st, 2006. [Petitioner], in Hendersonville, was getting . . . hydrocodone, multiple prescriptions, and having them filled - there were three different prescriptions written by three different doctors, and they were filled at three pharmacies. These offenses took place in less than five days' time, and this would consist - the doctor shopping or obtaining a controlled substance by fraud.

Petitioner agreed that she was pleading guilty to obtaining prescriptions by fraud, two Class D felonies.

In October of 2012, Petitioner filed a petition for writ of habeas corpus in Davidson County in which she challenged the Sumner County judgments as void. Specifically, Petitioner argued that she was restrained of her liberty by the judgments because the conduct admitted by Petitioner at her guilty plea hearing did not constitute a criminal offense at the time of her convictions. Petitioner further alleged that although she has already served her sentence, she is still restrained of her liberty by the felony convictions because they are preventing her from obtaining employment and preventing her from obtaining a license to be an accountant. In the petition, Petitioner alleged that she did not file the petition in Sumner County because there was a "significant and undeniable conflict of interest" preventing the matter from being fairly litigated in Sumner County.

The State filed a motion to dismiss the petition for habeas corpus relief. The habeas corpus court noted that the petition was filed in the wrong court but dismissed the petition on the basis that Petitioner did not show from the face of the record that the judgment was void. The habeas corpus court noted Petitioner's argument that she was convicted of "doctor shopping," an offense which did not exist until 2009, but the habeas corpus court pointed out that the judgments reflected that Petitioner pled guilty to and was convicted of obtaining a controlled substance by fraud. The habeas corpus court concluded that in order to "attack the judgment based on the facts surrounding the offense itself would necessarily require a fact-finding inquiry beyond the record." In conclusion, the habeas corpus court determined

that there was nothing on the face of the judgments to indicate that they were void. Therefore, the habeas corpus petition was dismissed.

Petitioner filed a timely notice of appeal challenging the dismissal of the petition for habeas relief.

*Analysis*

On appeal, Petitioner insists that the habeas corpus court improperly dismissed the petition for habeas corpus relief. Specifically, she claims that the record demonstrates that she was convicted based on conduct which did not constitute a criminal offense at the time of her guilty plea. She also insists that Davidson County was a proper location for the filing of the petition. The State argues that the petition was filed in the wrong court, that Petitioner is not restrained of her liberty by the judgments, and that the judgments are not void.

Initially, we address Petitioner's standing to bring a habeas corpus claim. Petitioner insists that she is restrained of her liberty by her 2007 guilty pleas because she is unable to obtain meaningful employment and may not be able to become licensed as a certified public accountant upon completion of her education.

Pursuant to Tennessee Code Annotated section 29-21-101(a), habeas corpus relief is only available if the petitioner is "imprisoned or restrained of liberty." The term "imprisoned" means "actual physical confinement or detention." *Hickman v. State*, 153 S.W.3d 16, 22 (Tenn. 2004). A petitioner does not have to be physically confined to be "restrained of liberty." A petitioner can be restrained of liberty if "the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement," even if "the petitioner is not physically confined or detained." *Id*. (citations omitted); *see Benson v. State*, 153 S.W.3d 27, 31 (Tenn. 2004). "The phrase 'restrained of liberty' has generally been interpreted to include any limitation placed upon a person's freedom of action, including such restraints as conditions of parole or probation, or an order requiring a person to remain in one city." *Benson*, 153 S.W.3d at 31 (citing *Hickman*, 153 S.W.3d 16, 22-23 (Tenn. 2004)). The requirement that a petitioner be "imprisoned or restrained of liberty" by the challenged conviction is basically a requirement that a petitioner have standing to bring a habeas corpus proceeding, and this standing requirement operates independently of a petitioner's substantive claim of voidness. *See Benson*, 153 S.W.3d at 31 ("A statutory prerequisite for eligibility to seek habeas corpus relief is that the petitioner must be 'imprisoned or restrained of liberty' by the challenged convictions."); *see also* T.C.A. § 29-21-107(b). While we sympathize with Petitioner's frustration in failing to obtain employment, we recognize that her failure to find meaningful employment is a collateral consequence of her convictions for obtaining controlled substances by fraud. Habeas corpus

relief is not the proper avenue for seeking relief from the collateral consequences of a conviction. *See State v. Godsey*, 165 S.W.3d 667, 673-74 (Tenn. Crim. App. 2004).

Moreover, the determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T .C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. For the benefit of individuals such as the petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at Tennessee Code Annotated section 29-21-107:

(a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, is a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *See also Hickman*, 153 S.W.3d at 21.

Petitioner's next argument, that her judgments are void because the factual basis for the plea does not support the convictions for obtaining a controlled substance by fraud, does not entitle her to habeas corpus relief. She insists that the factual basis for her guilty plea was akin to "doctor shopping," a criminal offense that did not exist until 2009. *See* T.C.A. 53-11-402 (2009). Petitioner's allegations essentially posit that she did not commit alleged acts and, even if true, would result in a voidable judgment. A voidable judgment is a facially valid judgment that requires proof beyond the face of the record to establish its invalidity. *Summers*, 212 S.W.3d at 256.

Finally, Petitioner failed to file the petition in the proper court. Tennessee Code Annotated section 29-21-105 requires that "the application [for habeas corpus relief] should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." T.C.A.

§ 29-21-105; *see also Davis v. State*, 261 S.W.3d 16, 20 (Tenn. Crim. App. 2008). Again, a habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *see also Hickman*, 153 S.W.3d at 21. Nothing on the face of the judgment shows that Petitioner's sentences have expired or that the convictions are void. Petitioner is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the habeas corpus court is affirmed.


_____
JERRY L. SMITH, JUDGE